**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Ronald SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 2011.
Filed Dec. 1, 2011.
Reargument Denied Feb. 8, 2012.

Ronald L. Smith, appellant, pro se.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: SHOGAN, FREEDBERG and STRASSBURGER*, JJ.

OPINION BY SHOGAN, J.:

Appellant, Ronald Smith, appeals *pro se* from the order entered on February 20, 2009, in the Philadelphia County Court of Common Pleas that denied as untimely his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. On appeal, Appellant claims that the PCRA court erred in dismissing his third PCRA petition as untimely, despite Appellant satisfying the after-discovered facts exception to the PCRA's time-bar set forth in *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007). For the reasons that follow, we conclude that Appellant is entitled to relief. Accordingly, we reverse the order and remand this matter to the PCRA court with instructions to review

the claims raised in Appellant's PCRA petition.

The factual background of this matter was set forth by a prior panel of this Court as follows:

On March 8, 1994, Appellant was convicted of first degree murder, robbery, possessing instrument of crime, and criminal conspiracy. Following, [sic] a penalty hearing, the jury returned a sentence of life imprisonment. On September 14, 1994, Appellant was sentenced to 10 to 20 years' imprisonment for the robbery conviction, 2½ to 5 years for the possessing instrument of crime conviction, and 5 to 10 ten years for the conspiracy conviction. Judgment of sentence was affirmed on November 27, 1996, and our Supreme Court denied Appellant's petition for allowance of appeal on April 29, 1997. *Commonwealth v. Smith*, 688 A.2d 1231 (Pa.Super.1996) (unpublished memorandum), *appeal denied*, 548 Pa. 647, 695 A.2d 785 (1997).

On December 5, 1997, Appellant filed his first PCRA petition. Counsel was appointed and filed an amended petition. On June 6, 2000, the PCRA court dismissed the petition. Appellant filed a timely notice of appeal. However, on February 20, 2001, this Court dismissed the appeal due to counsel's failure to file an appellate brief. *Commonwealth v. Smith*, No. 2224 EDA 2000 (Pa.Super. filed February 20, 2001).

On April 3, 2001, and still represented by counsel, Appellant filed a second PCRA petition seeking reinstatement of his appeal rights *nunc pro tunc* from the denial of his first PCRA [petition]. Without considering whether the second petition was timely filed, the PCRA court granted *nunc pro tunc* relief on April 12, 2002. This appeal followed.

* Retired Senior Judge assigned to the Superior Court.

Subsequently, Appellant requested to proceed pro se and remove appointed counsel. Following a [*Commonwealth v.*] *Grazier* [, 552 Pa. 9, 713 A.2d 81 (1998) ] hearing, Appellant's request to proceed *pro se* was granted. In the interim, on March 5, 2004, this Court issued a *per curiam* order which provided, *inter alia*, that "this appeal *nunc pro tunc* from the order dismissing Appellant's first PCRA petition was improperly granted by the PCRA court, and the only issue to be considered in this appeal is the timeliness of Appellant's second PCRA petition."

*Commonwealth v. Smith*, 1758 EDA 2002, unpublished memorandum at 1–3, 885 A.2d 585 (Pa.Super. filed August 05, 2005) (Orie Melvin,[1] Beck, and Johnson, JJ.), *appeal denied*, 587 Pa. 722, 899 A.2d 1123 (2006). This Court determined that Appellant's second PCRA petition was untimely and quashed the appeal.[2] *Id.* As noted above, our Supreme Court denied allowance of appeal.

On September 30, 2007, Appellant filed his third PCRA petition, which underlies the instant appeal. The PCRA court dismissed this petition as untimely in an order filed on February 20, 2009. This timely appeal followed.

In his *pro se* brief on appeal, Appellant raises two questions:

A. WHETHER THE PCRA COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS WHEN THE COURT REFUSED AN APPEAL TO TAKE PLACE DURING APPELLANT'S FIRST POST–CONVICTION WHEN COUNSEL FAILED TO FILED [sic] A BRIEF?

B. WHETHER THE PCRA COURT VIOLATED APPELLANT'S DUE PROCESS WHEN THE COURT FAILED TO PROVIDED [sic] HIM WITH AN ORDER OF ITS INTENT TO DISMISS UNDER 42 PA.C.S.A. § [sic] 907(1)(4)?

Appellant's Brief at 4.[3]

Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.

Our Supreme Court has stressed that "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Abu–Jamal*, 596 Pa. 219, 227, 941 A.2d 1263, 1267–68 (2008) (citation omitted). *See Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (holding no court has jurisdiction to hear an untimely PCRA petition). It is well settled that "[a]ny and all

1. Now Justice Orie Melvin.

2. The Dissent posits that this Court's 2005 decision, which quashed Appellant's second petition as untimely, is the "law of the case." While the Dissent correctly defines the law of the case doctrine, it is inapplicable in this instance. Here, we are not revisiting a prior legal question or any decision having to do with the second PCRA petition or this Court's 2005 decision. Rather, in this appeal, we are addressing a third PCRA petition, an intervening change in the law, and its ramifications on the underlying facts of this matter. *See*

*Commonwealth v. Starr*, 541 Pa. 564, 575–576, 664 A.2d 1326, 1332 (1995) (stating that there are circumstances where the law of the case doctrine does not apply, including an intervening change in the law, a substantial change in the facts, or if the prior ruling was clearly erroneous and would create a manifest injustice if followed).

3. In his second issue, it appears that Appellant is, in fact, presenting a challenge under Pa.R.Crim.P. 907(1) and (4).

PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final, unless one of three statutory exceptions applies." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa.Super.2008) (citations, quotations, and quotation marks omitted). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). *Commonwealth v. Garcia*, 23 A.3d 1059, 1061–1062 (Pa.Super.2011) (internal footnote omitted). The exceptions to the PCRA's timing requirements are set forth in 42 Pa.C.S.A. § 9545, as follows:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1) and (2).

The record reflects that Appellant's judgment of sentence became final on July 29, 1997, ninety days after the Pennsylvania Supreme Court denied allowance of appeal. *Smith*, 548 Pa. 647, 695 A.2d 785; *see also, Garcia*, 23 A.3d at 1062 (explaining when a judgment of sentence becomes final). Therefore, Appellant's PCRA petition, which was filed on September 30, 2007, was untimely, unless Appellant can plead and prove the applicability of one of the aforementioned exceptions.

In his brief, Appellant claims that the decision in *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007), provides, in essence, a new theory or method of obtaining relief on collateral review and, thus, satisfies an exception to the timing requirements of the PCRA. Appellant's Brief at 10. After careful review, we conclude that *Bennett* affords him the relief requested.

In *Bennett*, the petitioner's counsel failed to file an appellate brief on appeal from the denial of a first PCRA petition, which led to this Court dismissing the appeal. *Bennett*, 593 Pa. at 387, 930 A.2d at 1266–1267. Bennett filed a *pro se* PCRA petition more than 60 days later, seeking reinstatement of his PCRA rights *nunc pro tunc* and claiming all prior counsel were ineffective. *Id.* The PCRA court granted the reinstatement of his appellate rights. However, this Court quashed the appeal, concluding that the second PCRA petition was untimely. *Id.* Allowance of appeal was granted by the Supreme Court, which held that petitioner's counsel's failure to perfect the appeal constituted an abandonment by counsel and could serve

as a newly discovered fact under 42 Pa. C.S.A. § 9545(b)(1)(ii). Concerned that Bennett did not have access to public records while incarcerated despite exercising due diligence, the Supreme Court vacated our order and remanded.

The Supreme Court subsequently distinguished *Bennett* in *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), where it concluded that the petitioner had not exercised due diligence. Hackett filed an untimely PCRA petition in 2004 claiming that he was entitled to a new trial under *Batson*[4] because his co-defendant had recently received a new trial based on evidence that prosecutor Jack McMahon engaged in discriminatory tactics during jury selection. *Hackett*, 598 Pa. at 356, 956 A.2d at 981. However, the videotaped lecture showing McMahon advocating racial and gender-based discrimination in the selection of jurors was made public in 1997. *Id.* at 358, 956 A.2d at 983. Concluding that the factual predicate of Hackett's claim was the 1997 release of the McMahon tape, not the order granting his co-defendant a new trial, the Supreme Court found that Hackett had not exercised due diligence since he did not raise his claim until years after the tape was made public. *Hackett*, 598 Pa. at 360, 956 A.2d at 984. Accordingly, the 2004 petition was untimely. *Id.*

The holding in *Hackett* was recently relied upon in *Commonwealth v. Watts*, —— Pa. ——, 23 A.3d 980 (2011). *Watts* was convicted of first degree murder and numerous other offenses on November 5, 2001. *Watts*, —— Pa. ——, 23 A.3d at 981. He filed a timely counseled direct appeal, which was dismissed for failure to file a

docketing statement. *Id.* The dismissal of his direct appeal was brought to his attention on August 14, 2003, more than two weeks before the deadline for filing a timely PCRA petition expired. *Id.* Within sixty days of receiving notice of the dismissal of his direct appeal, but after the deadline for filing a timely *pro se* PCRA petition expired, Watts filed a PCRA petition seeking reinstatement of his appellate rights *nunc pro tunc. Id.* The PCRA court appointed counsel, who filed a "no merit" letter. *Id.* —— Pa. at ——, 23 A.3d at 982. The PCRA court then dismissed the petition as untimely since Watts' judgment of sentence became final on September 3, 2002, and his PCRA petition was not filed until October 1, 2003. *Id.* This Court affirmed, concluding that Watts failed to exercise due diligence both in ascertaining the status of his appeal and in filing his PCRA petition. *Id.* In particular, we concluded that "by [his] own admission, [Watts] still had more than two weeks to file a timely PCRA petition when he discovered that his direct appeal had been dismissed, yet failed to act in a timely fashion." *Id.* (quoting *Commonwealth v. Watts*, 885 A.2d 587 (Pa.Super.2005) (unpublished memorandum at 6)). Watts did not appeal our decision.

However, after the Supreme Court published its decision in *Bennett*, Watts filed a second PCRA petition asserting that his patently untimely PCRA petition could be reviewed on the merits pursuant to section 9545(b)(1)(ii). This Court determined Watts' petition to be timely because it was filed less than sixty days after *Bennett* was published.[5] Watts timely appealed and the

---

**4.** *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

**5.** We note that the prior panel of this Court, that deemed Watts' second PCRA petition filed within 60 days of the filing of *Bennett*,

did not actually use the "filed" date of *Bennett*. Without explanation, that panel utilized the date that *Bennett* was published (October 12, 2007) rather than the date the Pennsylvania Supreme Court's decision was filed (Au-

Supreme Court reversed. In doing so, the Court applied *Hackett* and found the factual predicate of Watts' claim to be the dismissal of his direct appeal for failure to file a docketing statement, not the *Bennett* decision. The dismissal was brought to his attention more than two weeks before the deadline for filing his PCRA petition expired, "ample time to file another timely PCRA petition seeking restoration of his direct appeal rights, yet he inexplicably failed to do so." *Watts*, 23 A.3d at 986. Furthermore, "[u]nlike the defendant in *Bennett*, Watts did not petition [the Supreme Court] for further review, thereby foreclosing any possibility of having his direct appeal rights restored." *Id.* Thus, the Court concluded that Watts failed to exercise due diligence and that his PCRA petition was untimely. In an apparent attempt to further clarify *Bennett*, the Supreme Court specifically held that subsequent decisional law does not amount to a new "fact" under section 9545(b)(1)(ii) of the PCRA. *Id.*

 Our challenge in this case is trying to reconcile the language of the PCRA with this controlling case law, and to provide further guidance to the PCRA courts in determining the parameters of the after discovered fact exception. The language in section 9545 of the PCRA is clear, and under our rules of statutory construction, "the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). The plain language of section 9545(b)(1)(ii) and section 9545(b)(2) creates a three-part test: 1) the discovery of an unknown fact; 2) the fact could not have been learned by the exercise of due diligence; and 3) the petition

for relief was filed within 60 days of the date *that the claim could have been presented.* The specific question presented by this case is when the claim could have been presented. In our view, the third inquiry must involve a bifurcated analysis. If the claim does not involve a new theory or method of obtaining relief on collateral review, a petition must be filed within sixty days of discovering the fact exercising due diligence. If the claim does involve a new theory or method of obtaining relief on collateral review, a petition must have been filed within sixty days of discovering the factual predicate for the claim exercising due diligence. In addition, the denial of such claim on the basis of untimeliness must then have been appealed to our Supreme Court, and the petition seeking relief under section 9545(b)(1)(ii) must have been filed within sixty days of the new theory or method of obtaining relief being recognized. Given that the judicial decision by our Supreme Court in *Bennett* recognized a new theory or method of obtaining relief on collateral review, Appellant has satisfied these requirements.

 As in *Bennett*, Appellant in this case filed a timely first PCRA petition, and while his second petition was untimely, it was filed within sixty days of being notified of the fact that his first PCRA had been dismissed. *Hackett* and *Watts* instruct us that the legal principles derived from *Bennett* must be applied to a pre-existing set of facts.[6] Here, the pre-existing facts are that Appellant's initial appeal was denied due to counsel's abandonment in the failure to file a brief. As noted above, Appellant filed a new PCRA petition within sixty days. The PCRA court

---

gust 23, 2007). *Watts*, 885 A.2d 587 (unpublished memorandum at 9).

**6.** In other words, and as mentioned above, the assertion made cannot be an "attempt[ ]

to tailor the factual predicate of [one's] claim to circumvent the PCRA filing deadline." *Watts*, 23 A.3d at 986.

granted the reinstatement of Appellant's appellate rights, but this Court quashed the appeal. Appellant then attempted to "become Bennett"[7] by seeking allowance of appeal in the Supreme Court, but that petition was denied. Within 60 days of the filing of the decision in *Bennett,* Appellant filed a third PCRA petition. Unlike the appellants in *Hackett* and *Watts,* Appellant has exercised due diligence. Unlike the appellants in *Hackett* and *Watts,* Appellant is not attempting "to tailor the factual predicate of his claim to circumvent the PCRA filing deadline." *Watts,* 23 A.3d at 986. But for the Supreme Court's denial of allowance of appeal in 2006, he could have been "Bennett." Appellant has availed himself of the opportunities afforded by the PCRA, and yet his petition has escaped review.[8] For these reasons, we reverse the order denying his PCRA petition and remand this matter to the PCRA court to address said petition. In light of our disposition, we need not address Appellant's second issue.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

STRASSBURGER, J., files a Dissenting Opinion.

DISSENTING OPINION BY STRASSBURGER, J.:

I respectfully disagree with the Majority's conclusion that *Commonwealth v. Bennett,* 593 Pa. 382, 930 A.2d 1264 (2007) provides relief to Appellant. Accordingly, I would affirm the PCRA court's order

dismissing Appellant's PCRA petition (PCRA III) as untimely.

I agree with the Majority that the PCRA petition is untimely unless Appellant can plead and prove one of the three specific, enumerated exceptions to the one year timeliness requirement in 42 Pa.C.S. § 9545(b)(1). That subsection provides, *inter alia,* an exception to the one year limitations period where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Even if one of the exceptions is subsection 9545(b)(1) applies, the petition invoking the exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant asks for relief pursuant to § 9545(b)(1)(ii), asserting that our Supreme Court's holding in *Bennett, supra,* entitles him to relief. Essentially, Appellant is arguing that *Bennett, supra,* is a newly-discovered fact and he has filed PCRA III within 60 days of learning of that fact.[1] In *Commonwealth v. Watts,* 23 A.3d 980, 987 (Pa.2011), our Supreme Court held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(ii) of the PCRA." Accordingly, even though Appellant filed the instant PCRA petition within 60 days of the filing of *Bennett,* he is not entitled to relief.

---

**7.** *See* Justice Baer's Concurring Opinion in *Watts,* 23 A.3d at 988–989 (explaining that the appellants in *Watts* and *Hackett* had the opportunity to "become" Bennett by filing an appeal in the Supreme Court, but each failed to do so, and that "it was incumbent on Watts to take his *Bennett*-type argument to [the Supreme Court]"). As noted, Appellant in this case did try to take his *Bennett*-type argument to the Supreme Court.

**8.** We note that the instant set of facts are even stronger than in *Bennett* because Appellant filed his second PCRA petition within 60 days of this Court's dismissal of his PCRA appeal for failure to file a brief.

**1.** *Bennett, supra,* was filed on August 23, 2007 and Appellant filed the instant PCRA petition asserting *Bennett* on September 30, 2007.

I recognize that Appellant has never been able to litigate a PCRA petition on its merits. His first, timely PCRA petition (PCRA I) was never addressed by this Court on its merits because his court-appointed counsel failed to file an appellate brief. Although the PCRA II court attempted to rectify that situation by granting Appellant *nunc pro tunc* relief, this Court determined that the PCRA II petition filed by Appellant was itself untimely;[2] thus, Appellant was not able to litigate the merits of the petition. Appellant filed a petition for allowance of appeal from that decision, which was subsequently denied by our Supreme Court. *Commonwealth v. Smith*, 587 Pa. 722, 899 A.2d 1123 (2006). Right or wrong, PCRA II is the law of the case. As we have recently pointed out,

> The law of the case doctrine sets forth various rules that embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.

> Among the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; **(2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court;** and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a

legal question previously decided by the transferor trial court.

Accordingly, under the pertinent authority, in a second appeal, this Court cannot change resolution of a legal question actually decided by a prior panel of this Court.

*In re Estate of Elkins*, 32 A.3d 768, 2011 PA Super 194 (Pa.Super.2011) (emphasis added).

Because Appellant is not entitled to relief, I would affirm the order of the PCRA court dismissing Appellant's petition as untimely.

---

**2.** It was filed within 60 days of the dismissal of the appeal in PCRA I; so it is not clear why it was deemed untimely. The memorandum states that "Appellant did not properly invoke any of the exceptions to the timing requirements." *Commonwealth v. Smith*, 1758 EDA 2002, Pa.Super. filed August 5, 2005, at 4.