J-S47027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD CAPERS, | |
| Appellant | No. 3015 EDA 2013 |

Appeal from the PCRA Order October 4, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0080718-1997

BEFORE:  MUNDY, OLSON AND WECHT, JJ.

MEMORANDUM BY OLSON, J.:                **FILED AUGUST 12, 2014**

Appellant, Donald Capers, appeals *pro se* from the order entered on October 4, 2013, dismissing his third petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The United States District Court for the Eastern District of Pennsylvania summarized the factual and procedural history of this case as follows:

> On September 23, 1998, a jury convicted [Appellant] of second-degree murder[1], robbery[2], and possessing instruments of a crime[3]. The [] trial court then sentenced [Appellant] to [an aggregate term of] life imprisonment . . . . The charges arose

---

[1] 18 Pa.C.S.A. § 2502(b).

[2] 18 Pa.C.S.A. § 3701.

[3] 18 Pa.C.S.A. § 907.

from the robbery of a store and the murder of its owner, James Hurt [("Hurt")].

After having his appellate rights reinstated *nunc pro tunc*, [Appellant] appealed to [this Court] in April 2001. On April 23, 2002, [this Court] affirmed [Appellant's] judgment of sentence, finding his claims were waived because his counsel failed to file a [s]tatement of [m]atters [c]omplained of on [a]ppeal as required by Pennsylvania Rule of Appellate Procedure 1925(b). [**See Commonwealth v. Capers**, 803 A.2d 788 (Pa. Super. 2002) (unpublished memorandum). Appellant] did not seek review of this decision from [our] Supreme Court.

On February 18, 2003, [Appellant] filed a *pro se* petition under [the PCRA]. Appointed counsel filed amended and supplemental amended petitions alleging: (1) [Appellant's] trial counsel was ineffective for failing to present three alibi witnesses at trial; (2) [Appellant's] appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness related to the alibi witnesses; and (3) newly-discovered evidence based on an affidavit from a prosecution witness, James Daughtry [("Daughtry")], in which he recanted his trial testimony.

On April 18, 2005, the PCRA court denied [Appellant's] petition without a hearing, finding: (1) [Appellant] waived his ineffectiveness claims by stating during an on-the-record colloquy that he was satisfied with his attorney's representation and he did not want to call any witnesses at trial, and (2) Daughtry's affidavit did not warrant relief because it contradicted itself and Daughtry's trial testimony, which was likewise contradictory, was rejected by the jury. [This Court] affirmed the PCRA court's decision on February 14, 2006, and [our] Supreme Court denied [Appellant's] petition for allowance of appeal on August 30, 2006. [**See Commonwealth v. Capers**, 897 A.2d 515 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 906 A.2d 538 (Pa. 2006).]

[Appellant] filed a second PCRA petition on January 17, 2007. On December 24, 2009, the PCRA court denied the petition as untimely. While his appeal to [this Court] was pending, [Appellant] filed an application for remand [] to the trial court for review of newly discovered evidence based on an affidavit from Alfred Bonaparte [("Bonaparte")], in which Bonaparte states that someone other than [Appellant] murdered Hurt.

- 2 -

On November 30, 2010, [this Court] affirmed the denial of [Appellant's] PCRA petition and denied without prejudice [Appellant's] application for a remand, allowing [Appellant] to file a new PCRA petition raising the issues in his application. [**Commonwealth v. Capers**, 22 A.3d 1082 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 23 A.3d 1054 (Pa. 2011).]

On June 30, 2011, [Appellant] filed a third PCRA petition, alleging newly discovered evidence based on Bonaparte's affidavit and actual innocence. [On September 29, 2011, the PCRA court filed a notice of intent to dismiss Appellant's third PCRA petition. **See** Pa.R.Crim.P. 907(1).]

While Appellant's third PCRA petition was pending before the PCRA court he filed a petition for federal habeas corpus relief on August 14, 2012. In his petition Appellant claimed] (1) ineffective assistance of counsel for failing to call three alibi witnesses: Erica Little, Tanya Capers, and Rashan Berry; (2) his due process rights were violated when the PCRA court failed to conduct an evidentiary hearing regarding Daughtry's affidavit recanting his prior testimony; and (3) ineffective assistance of trial, appellate, and PCRA counsel for failing to investigate and interview Bonaparte when he gave a statement to the police in December 1995 identifying someone other than [Appellant] as Hurt's assailant. [Appellant] also request[ed] an evidentiary hearing on the merits of his claims.

**Capers v. Walsh**, 2012 WL 5389513, *1-2, (E.D. Pa. Oct. 5, 2012), *adopted*, 2012 WL 5395797 (E.D. Pa. Nov. 5, 2012).

On January 22, 2013, Appellant's federal habeas corpus petition was denied with prejudice and no certificate of appealability issued. **See**

- 3 -

***Capers***, 2012 WL 5395797.[4]   The PCRA court dismissed Appellant's third petition as untimely on October 4, 2013.  This timely appeal followed.[5]

Appellant raises one issue on appeal:

> 1. Whether the PCRA court erred and/or abused its discretion by dismissing the Appellant's PCRA petition as untimely filed and for failing to meet one of the three exceptions of 42 [Pa.]C.S.A. § 9545(b)(1).

Appellant's Brief at 4 (emphasis and capitalization removed).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition.  Thus, we must first determine whether the instant PCRA petition was timely filed." ***Commonwealth v. Smith***, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).   The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted).   Thus, we shall concentrate our attention on whether Appellant timely filed his PCRA petition and, if not, whether he has raised a viable statutory exception to the PCRA's timeliness requirement.

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final."  42 Pa.C.S.A. § 9545(b)(1).   "[A]

---

[4]   The United States Court of Appeals for the Third Circuit denied Appellant's request for a certificate of appealability. ***Capers v. Walsh***, 13-2069 (3d Cir. Nov. 19, 2013).

[5]   The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal in this matter pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  However, the PCRA court issued an opinion contemporaneously with its order dismissing Appellant's petition on October 4, 2013.

judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  As Appellant failed to seek allocatur from our Supreme Court, his judgment of sentence became final on May 23, 2002.  Appellant's present petition, his third, was filed on June 30, 2011.  Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).  If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant avers that the claims in his petition may be considered because he satisfied the after-discovered evidence exception.  Appellant

- 5 -

claims that Bonaparte's January 7, 2010, affidavit constitutes after-discovered evidence because, in the affidavit, Bonaparte alleges that an unidentified man named "Chuck" shot and killed the victim, Hunt, and not Appellant. Appellant further claims that the affidavit proves that Daughtry was lying to police when he gave them a statement incriminating Appellant as the shooter. Appellant contends that he exercised due diligence in obtaining this after-discovered evidence and that he filed the instant petition within 60 days of June 21, 2011, the date our Supreme Court denied further review of Appellant's second PCRA petition.

Appellant, however, knew these facts at least seven years prior to raising them in his third PCRA petition on June 30, 2011. Exhibit B to Appellant's brief on appeal is a letter he wrote to his PCRA counsel (for his first petition) dated August 22, 2004. In that letter, Appellant makes clear that, at least as early as August 22, 2004, he was aware of a witness named Bonaparte who possessed potentially exculpatory evidence. The letter also states that Appellant believed Daughtry provided false testimony to police. *See* Appellant's Brief, Exhibit B. Specifically, Appellant's letter identified Bonaparte as a friend of Hurt's who was present when Hurt was shot and who passed the shooter's identity on to Daughtry. Appellant asked counsel to amend his first petition to include this information in order to state an after-discovered evidence claim.

As Appellant knew this information seven years prior to his 2011 PCRA petition, he has failed to plead and prove that he filed his petition within 60 days of the date he could have made his claim. Because Appellant's petition was untimely, and he has failed to plead and prove an exception to the PCRA's timeliness requirement, the PCRA court lacked jurisdiction to entertain his third PCRA petition. Thus, the PCRA court properly dismissed Appellant's third petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2014