J-S46030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EUGENE MYRICK :
:
Appellant : No. 3144 EDA 2018

Appeal from the PCRA Order Entered October 4, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1120961-1986

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 22, 2019**

Appellant, Eugene Myrick, appeals *pro se* from an order entered on

October 4, 2018, which dismissed his petition for collateral relief filed pursuant

to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We

affirm.

On a previous appeal, we summarized the facts of this case as follows:

In July [] 1986, Appellant shot [the victim], in the victim's home.
[The victim identified Appellant as his shooter prior to succumbing
to his injuries. The victim told Officer Leslie Gunter that he and
Appellant had been in prison together]. In January [] 1988,
Appellant was tried before a jury and found guilty of [first-degree
murder] and possession of an instrument of crime. [] Appellant
received a sentence of life imprisonment for the murder
conviction[.] In April 1988, the trial court denied Appellant's
[post-sentence] motions. This Court affirmed the judgment of
sentence on May 31, 1989. Appellant did not seek review by the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Supreme Court of Pennsylvania, and thus, his judgment of sentence became final on June 30, 1989.

In January 1997, Appellant filed his first petition for collateral relief. The PCRA court dismissed the petition in November 2001. This Court affirmed, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

*Commonwealth v. Myrick*, __A.2d__, 2140 EDA 2015 (Pa. Super. 2016) (unpublished memorandum), at 1-2 (citation omitted).

On August 19, 2014, Appellant filed his second PCRA petition. *Id.* at 2. In it, Appellant attempted to overcome the PCRA's timeliness requirement by arguing that "a copy of the victim's prison record from SCI Dallas" qualified as a newly-discovered fact under Section 9545(b)(1)(ii). *Id.* at 5.[1] Subsequently, counsel was appointed and submitted an amended petition. *Id.* at 2. On June 12, 2015, the PCRA court dismissed Appellant's petition and on November 8, 2016, this Court affirmed the PCRA court's dismissal order. *Id.* at 1-6. Our Supreme Court denied *allocatur* on May 15, 2017. *Commonwealth v. Myrick*, 169 A.3d 522 (Pa. 2017).

On October 27, 2017, Appellant filed the current PCRA petition. Appellant's Third PCRA Petition, 10/27/17, at 1-15. On September 4, 2018, the PCRA court issued notice that it intended to dismiss Appellant's PCRA petition in 20 days without holding a hearing, because it found that the petition was untimely, lacked arguable merit, and raised claims that were previously litigated. PCRA Court Order, 9/4/18, at 1; *see* Pr.R.Crim.P. 907(1). Appellant

---

[1] Appellant argued that he recently learned that he and the victim did not serve time together in prison as the victim had claimed to Officer Gunter.

filed a response on September 19, 2018. The PCRA court dismissed Appellant's petition on October 4, 2018. PCRA Court's Order, 10/4/18, at 1. Appellant timely appealed, raising various issues. However, "[c]rucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgment of sentence became final on June 30, 1989, 30 days after this Court's May 1989 decision affirming his judgment of sentence. Hence, Appellant's petition is manifestly untimely. Therefore, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. §9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under

which the late filing of a PCRA petition will be excused.  To invoke an exception, a petitioner must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).[2]

In this case, Appellant argues that his petition is timely under Section 9545(b)(1)(ii), the newly-discovered fact exception.[3]  Appellant's Brief at 1;

_____

[2] Effective December 24, 2018, the legislature amended Section 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." **See** 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). However, the amendment to Section 9545(b)(2) only applies to "claims arising on [December] 24, 2017 or thereafter." **See id.** at Comment. Appellant filed his current petition on October 27, 2017; thus, the amended Section 9545(b)(2) does not apply to Appellant's claim.

[3] In addition, Appellant argues that his petition is not time-barred under Section 9545(b)(1)(iii) because **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017) established a new constitutional right.  Appellant's Brief at 1.  His position is erroneous and need not be addressed on appeal.  This Court, in

- 4 -

*see* 42 Pa.C.S. § 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that ... the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). We disagree.

Notably, Appellant presents the same newly-discovered fact as he did on his appeal in 2016. *See Commonwealth v. Myrick*, \_\_A.2d\_\_, 2140 EDA 2015 (Pa. Super. 2016) (unpublished memorandum), at 1-6 (citation omitted). Appellant argues that he recently obtained the victim's prison records and discovered that he was not incarcerated at SCI Dallas at the same time as the victim. Appellant's Brief at 1 and Appendix D. On his previous appeal, this Court determined that Appellant failed to prove that he could not have "ascertained this information [] with the exercise of due diligence." *See Myrick*, \_\_A.2d\_\_, 2140 EDA 2015 (Pa. Super. 2016) (unpublished memorandum), at 5. Hence, Appellant is not entitled to relief because his newly-discovered fact claim was previously litigated.

Nonetheless, Appellant seeks to resurrect his previous claim by advancing a new theory. In particular, Appellant argues that, in light of our Supreme Court's decision in *Commonwealth v. Burton*, 158 A.3d 618 (Pa.

---

*Commonwealth v. Kretchmar*, 189 A.3d 459, 464 (Pa. Super. 2018), held that *Burton* did not establish a new constitutional right or a watershed rule of criminal procedure. Thus, *Burton* does not afford Appellant any relief under Section 9545(b)(1)(iii).

2017), his petition is timely under Section 9545(b)(1)(ii). Per Appellant, under **Burton**, "prisoners [have] no [access] to public records," and therefore, he exercised proper due diligence in pursuing his claim. Appellant's Brief at 4. We disagree.

**Burton** is factually distinguishable from the Appellant's case and does not support application of the newly-discovered facts exception under the current circumstances. In **Burton**, the appellant and his co-defendant, Melvin Goodwine, were tried jointly for murder in 1993. **Burton**, 158 A.3d at 620. Ultimately, Burton was convicted of first-degree murder and conspiracy, while Goodwine was convicted only of conspiracy. **Id.** Twenty years later, Burton received a letter from the Pennsylvania Innocence Project enclosing an expungement motion filed by Goodwine in 2009, in which Goodwine asserted that he committed the murder "'in self-defense,'" and now, "'an innocent man was in jail for a crime [Goodwine] committed.'" **Id.** at 622. Upon receipt of this letter, Burton filed a PCRA petition, alleging that Goodwine's motion qualified as a newly-discovered fact. **Id.**

Initially, the PCRA court denied Burton relief because prior decisions held that information within the public sphere could not be deemed "unknown" for purposes Section 9545(b)(1)(ii). **Id.** Thereafter, this Court vacated the PCRA court's order. **See Commonwealth v. Burton**, 121 A.3d 1063 (Pa. Super. 2015) (*en banc*). In doing so, we reasoned that the public record presumption relied upon by the PCRA court does not apply in **all** instances. **Id**. Significant to our decision was the recognition that, prior to the letter

- 6 -

from the Pennsylvania Innocence Project, Burton "'had no reason to seek out' facts in support of a claim for collateral relief." **Id.** at 1070, *quoting* **Commonwealth v. Davis**, 86 A.3d 883, 890 (Pa. Super. 2014). Subsequently, our Supreme Court made clear that the presumption of access to public information does not apply to defeat a petitioner's invocation of the newly-discovered facts exception where the petitioner is incarcerated and acting as his own counsel. **Burton**, 158 A.3d at 638.

Appellant, unlike Burton, had every "reason to seek out" the victim's prison records as early as his 1988 trial. **Compare Burton**, 121 A.3d at 1070. Indeed, at Appellant's preliminary hearing, the Commonwealth introduced testimony showing that the victim identified Appellant as his killer in a dying declaration because the victim knew Appellant from prison. Trial Court Opinion, 3/7/16, at 5. Accordingly, even before his 1988 trial, Appellant knew that the Commonwealth's case rested upon the victim's identification which, in turn, relied on the victim's and Appellant's overlapping stays in prison. In fact, a review of testimony indicates that Appellant's trial counsel attempted to locate the victim's prison records to verify the Commonwealth's claims.[4]

_____

[4] Appellant attached to his brief an excerpt of trial testimony. In it, Appellant's trial counsel discussed the victim's identification with the court. Specifically, they addressed whether, in view of the possible prejudice to Appellant, Officer Leslie Gunter could testify to the fact that, before the victim died, he indicated that his killer was "Gene the Hack" from "Broad and Erie" and that the two "were in jail together." N.T. Pre-Trial Hearing, 11/12/86, at 18-22. **See also** Appellant's Brief at Appendix B. Trial counsel stated the following:

_____

The court: [By stating Appellant and victim lived together] it [is] a specific reference. There is no neighborhood in jail, you are living together, maybe two cells down on the same cell block or lived together in the same – or they used to be in jail together. [] So, I will go so far to eliminate prejudice, but I [will not] go any further than that. []

[Trial counsel]: I would object to that.

The court: You certainly are entitled to do that and I do [not] have any quarrel with you about that. It [is] either that or let it come in the way it is, and I think it [is] best to do it my way and you have an objection. The other thing is –

[Trial counsel]: Excuse me, Your Honor. Before that matter is closed out, I wanted to talk to the District Attorney, we can do this at a later time, but to compare, **if he has that information, when and where these two people were said to have been in jail together, to make certain that the reference could** –

The court: It does [not] make any difference – well, it may or may not make a difference. Your client's record does indicate he served the time in prison. Now—

[Trial counsel]: **I might want to forego or he might be willing to forego his right that the jury know that he was in jail if we can find out that he was not in jail at the same time with this person.**

[The Commonwealth]: About six months or a year before [Appellant] was sentenced to the seven to twenty, [the victim] was sentenced to four to ten[.]

The court: Where was he –

[The Commonwealth]: I am going to have the officers check that out today, but I understand that [Appellant] was in **Camp Hill**. I know that because his F.B.I. extract has him being arrested out there for assault on another prisoner, and I also believe that [the victim] had been at **Camp Hill.**

Therefore, unlike **Burton**, as early as 1988, Appellant had a reason to investigate whether he and the victim were incarcerated simultaneously in the same penal institutions.

Moreover, the records also establish that Appellant was represented by counsel when the relevant inquiry – the overlapping prisons stays with the victim – emerged as an issue of significance. Thus, **Burton** is inapplicable because the Supreme Court limited its holding to *pro se* prisoners. **See Burton** 58 A.3d at 719 (holding that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection(b)(1)(ii) **does not apply** to *pro se* prisoner petitioners") (emphasis in original). Therefore, because Appellant was not *pro se* at the relevant time, his reliance on **Burton** is misplaced.

---

\*\*\*

> The court: My own off the cuff thought, [trial counsel], is that your client is not likely to forgo his right to let the jury know that he was in jail but not with [the victim].
>
> [Trial Counsel]: **It could be worth it.**

Appellant's Brief at Appendix C (emphasis added). Accordingly, upon review of this transcript, it is clear that Appellant and trial counsel knew the significance of overlapping prison stays with the victim and attempted to ascertain whether the victim and Appellant were, in fact, incarcerated together. Also, evidence of the victim's incarceration at SCI Dallas (and, presumably, Appellant's absence from that facility) would have little relevance in this case since it was the overlapping stay at Camp Hill which allowed the victim to identify Appellant.

- 9 -

As such, the PCRA court was correct in finding it lacked jurisdiction to address Appellant's claims because he has not established that a timeliness exception applies.

Order affirmed. Appellant's motion to enter judgment denied. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19