J-S42014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WILLIAMS | : | |
| | : | |
| Appellant | : | No. 998 EDA 2019 |

Appeal from the PCRA Order Entered February 28, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000322-2013

BEFORE: PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED NOVEMBER 06, 2020**

Michael Williams appeals from the February 28, 2019 order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] without a hearing. Williams seeks relief from a term of five to ten years' incarceration followed by five years of probation, imposed on July 26, 2013, after he entered a negotiated guilty plea to the charges of rape (by forcible compulsion) and endangering the welfare of a child ("EWOC").[2] Williams contends the PCRA court erred in dismissing his petition because he was not aware and did not

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] *See* 18 Pa.C.S.A. §§ 3121(a)(1) and 4304(a)(1), respectively.

understand that he was subject to a lifetime sexual offender registration when he entered his guilty plea. **See** Appellant's Brief, at 3. Based on the following, we affirm.

Williams' convictions stem from events that took place in January of 2010. At that time, Williams was in charge of supervising the then nine-year-old female victim at her house while her mother was not home.[3] The victim stated Williams inserted his penis into her vagina. She also complained that on numerous occasions, Williams would touch her chest, buttocks, and vagina with his hand and make inappropriate sexual comments to her. **See** N.T., 7/26/2013, at 13-14.

Two years later, Williams was arrested and charged with rape, EWOC, unlawful restraint, statutory sexual assault, and related charges for the 2010 sexual assault. On July 26, 2013, he entered a negotiated guilty plea to the crimes of rape and EWOC. Prior to his plea, Williams signed a written plea colloquy and a notice of lifetime registration requirements as a Tier III offender pursuant to Sexual Offender Registration and Notification Act ("SORNA I").[4] Williams was deemed not to be a sexually violent predator.

---

[3] Williams was involved in a romantic relationship with the victim's mother at the time, and is the father of the victim's youngest brother.

[4] Act of Dec. 20, 2011, P.L. 446, No. 111, as amended, 42 Pa.C.S.A. §§ 9799.10 to 9799.41 (effective Dec. 20, 2012). In 2011, the Pennsylvania General Assembly passed SORNA I in order to comply with the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, *as amended*, 34 U.S.C. §§ 20911, *et seq*.

That same day, the court sentenced Williams to a term of five to ten years' imprisonment on the rape conviction and a consecutive term of five years' probation for the EWOC count. Williams did not file post-sentence motions or a direct appeal.

On January 13, 2017, Williams filed a *pro se* PCRA petition, alleging that pursuant to **A.S. v. Pa. State Police**, 143 A.3d 896, 897 (Pa. 2016), he should be given the opportunity to rehabilitate as a first-time offender and should not be subject to SORNA I's lifetime registration requirements. **See** Motion for Post-Conviction Collateral Relief, 1/13/2017, at 4.

Counsel was appointed, who then filed an amended PCRA petition on October 29, 2018. In the amended petition, Williams alleged he was eligible for relief based on constitutional violations and exculpatory evidence. **See** Amended Petition Under Post-Conviction Relief Act, 10/29/2018, at ¶ 9(a-b). Specifically, he contended he "has been subjected to lifetime sex offender registration, when it was neither bargained for, nor imposed, by the [t]rial [c]ourt and where it seems as if it has been imposed in *ex post facto* fashion[,]" which was in violation of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).[5] Amended Petition Under Post-Conviction Relief Act,

---

[5] In **Muniz**, the Pennsylvania Supreme Court held that the registration requirements of SORNA I, as applied retroactively, were punitive pursuant to the seven-factor test set forth by the United States Supreme Court in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144 (1963), and therefore, unconstitutional under the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **See Muniz**, 164 A.3d at 1223. Accordingly, the **Muniz** Court determined a fugitive, who did not appear for his 2007

10/29/2018, at ¶ 10. Williams averred he filed the petition "within sixty (60) days of … learning that he had been 'sentenced' to lifetime sex offender registration." *Id.*, at ¶ 6.

In response, the Commonwealth filed a motion to dismiss, proposing that Williams's PCRA petition was facially untimely and he failed to plead and prove an exception to the PCRA timeliness requirements as set forth in 42 Pa.C.S.A. § 9545(b)(1). *See* Memorandum of Law in Support of The Commonwealth's Motion to Dismiss, 1/25/2019, at 1.

On January 29, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice indicating its intent to dismiss Williams's petition without a hearing. Williams did not file a response and on February 28, 2019, the PCRA court entered an order dismissing Williams's petition as untimely pursuant to Section 9545. This appeal followed.[6]

As a preliminary matter, we note that despite having been granted an extension of time, Williams filed his appellate brief late. *See* Order,

---

sentencing, could not be subjected to SORNA I registration requirements when finally sentenced in 2014.

[6] The PCRA court did not order Williams to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b).

On May 12, 2020, this Court issued a *per curiam* order, stating that the website for The Disciplinary Board of The Supreme Court of Pennsylvania listed PCRA counsel, David Scott Rudenstein, Esquire, as deceased. His appearance in the above–captioned appeal was ordered to be withdrawn and the PCRA court was directed to appoint new counsel for Williams within 30 days of the date that the order is filed. Subsequently, new counsel was appointed, and he entered his appearance on July 5, 2020.

9/16/2019. The order explicitly stated: "Appellant's Brief shall be filed on or before October 18, 2019." *Id.* Williams did not file his appellate brief until November 13, 2019.

Pennsylvania Rule of Appellate Procedure 2188 provides, in relevant part, that an appellee "may move for dismissal of the matter" when an appellant fails to file his brief in a timely manner. Pa.R.A.P. 2188. Here, however, the Commonwealth did not seek dismissal of the appeal or otherwise contest Williams' untimely filing. Absent an objection from the appellee, a panel of this Court has previously overlooked an appellant's "non-compliance with Rule 2188 pursuant to our discretion under Pa.R.A.P. 105(a)," and addressed the substantive claims on appeal. *AmerisourceBergen Corp. v. Doe*, 81 A.3d 921, 923 n.1 (Pa. Super. 2013). We will do the same in the present matter.

We therefore turn to Williams's claims that the PCRA court erred in dismissing his amended petition. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283-1284 (Pa. 2016) (internal punctuation and citation omitted). Moreover,

> [i]t is well settled that [t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. [T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted), *appeal denied*, 218 A.3d 380 (Pa. 2019).

On appeal, Williams contends that while there was a reference to lifetime registration made at the sentencing hearing, "it was not clear" to him that "he would be subject to a lifetime registration." Appellant's Brief, at 8. Williams also states that pursuant to *A.S.*, SORNA "requires an act, a conviction, and a subsequent act, to trigger lifetime registration for multiple offenses." Appellant's Brief, at 7. Williams alleges that Section 9795.1 reflects a belief that first-time offenders are capable of reform and rehabilitation, and the imposition of his lifetime registration requirement is in contravention of current law. *See id.* He complains that there was no triggering device to invoke the lifetime registration and even if there was, the requirement was imposed in an *ex post facto* fashion that was in violation of *Muniz*. *See* Appellant's Brief, at 9.

However, as noted above, the PCRA court determined that Williams' petition was untimely filed. "Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa. Super. 2011). "We have construed the PCRA's timing provisions as jurisdictional in nature, and no court may entertain an untimely PCRA petition." *Commonwealth v. Small*, ___ A.3d ___, No. 8 EAP 2019, 2020 WL 5833781, at *8 (Pa., filed Oct. 1, 2020). A PCRA petition must

be filed within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Here, Williams' judgment of sentence was final on August 25, 2013, 30 days after the trial court imposed his sentence and Williams did not file a direct appeal. **See** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until August 25, 2014, to file a timely PCRA petition. The one before us, filed January 13, 2017, is patently untimely.

Nevertheless, we may still consider an untimely PCRA petition if one of the three time-for-filing exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). For claims arising prior to December 24, 2017, a petitioner invoking an exception must file his petition within 60 days

of the date he or she could have presented the claim. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and §3.[7]

Here, Williams attempts to overcome the time bar by arguing that both the new facts exception and the new constitutional right exception are applicable to the present matter. First, he invokes the newly discovered fact exception, claiming he was unaware and did not understand that he was subject to a lifetime sexual offender registration when he entered his guilty plea. **See** Appellant's Brief, at 8.

The newly discovered fact exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (citation, internal quotation marks, and emphasis omitted).

Here, the PCRA court found Williams' assertion was without merit and belied by the record. Specifically, the court noted:

> On the same day [Williams] entered into the negotiated guilty plea, he also signed a certification which affirmed that he understood that he would be required to register as a sex offender for the rest of his life. The certification also was signed by [Williams's] attorney, affirming that he explained the reporting requirements to [Williams]. Therefore, [Williams] has been aware

---

[7] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3.

of the fact that he is required to register as a sex offender since the day he was convicted and sentenced. [He] cannot now claim that he was unaware of this requirement in attempts to overcome the untimeliness of his petition.

PCRA Court Opinion, 6/28/2019, at 5.

We agree with the PCRA court's finding. A review of the record supports the court's conclusion that Williams acknowledged that he was subject to lifetime registration requirements as a Tier III offender by signing the sex offender notice. **See** Colloquy of Plea of Guilt, 7/26/2013, at Notice of Registration Requirements – Tier III Offenders, ¶ 3 ("You are subject to lifetime registration with the Pennsylvania State Police.").

Additionally, at the July 26, 2013 proceeding, the Commonwealth specifically asked Williams if he recognized the Notice of Registration Requirements for Tier III Offenders form and if he went over the form with plea counsel. **See** N.T., 7/26/2013, at 19. Williams answered in the affirmative to both questions. **See id.** The Commonwealth then asked Williams if he understood that he was required to appear in person four times a year to verify his information with the state police, that he was required to appear within ten days before the quarterly dates designated by the police, and that he was subject to a lifetime registration. **See id.**, at 19-20. Williams again answered "yes" to all three questions. **See id.**

Accordingly, the PCRA court did not err in finding that Williams has not demonstrated that the "fact" at issue was unknown to him, and failed to prove the newly discovered fact exception. **See Bennett**, 930 A.2d at 1272.

Next, Williams alleges the new constitutional right exception applies, relying on *Muniz*. However, a panel of this Court concluded that a PCRA petitioner could not rely on *Muniz* to establish the newly recognized constitutional right timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(iii) until the Pennsylvania Supreme Court ruled otherwise. *See Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018). Accordingly, Williams' argument does not satisfy that exception to the PCRA time bar.

In conclusion, we agree with the determination of the PCRA court that Williams' petition was not timely filed, and he failed to plead and prove any of the timeliness exceptions. Therefore, Williams was not entitled to an evidentiary hearing. *See Maddrey*, 205 A.3d at 328. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/20

- 10 -