J-S42011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LEONARD AIKEN, JR. | |
| Appellant | No. 1323 WDA 2013 |

Appeal from the PCRA Order July 1, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No(s): 1286 and 1287 of 1985

BEFORE:  PANELLA, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 12, 2014**

Appellant, Leonard Aiken, Jr., appeals *pro se* from the order entered on July 1, 2013, in the Court of Common Pleas of Erie County, dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 PA.CONS.STAT.ANN. §§ 9541-9546, as untimely. After careful review, we affirm.

The PCRA court set forth the factual and procedural history of this case as follows:

> [O]n May 27, 1986, a jury found [Aiken] guilty of first-degree murder, hindering apprehension or prosecution, possessing instruments of a crime and conspiracy to commit firearms not to be carried without a license. [Aikens] was acquitted of the robbery charge. Following the jury trial, [Aikens] was sentenced by the Honorable Jess Jiuliante, on April 3, 1987, and received a life sentence on the murder conviction, and received sentences totaling nine-and-a-half (9½) years to nineteen (19) years on the other related charges, which run consecutive to each other and the life sentence. [Aiken] filed a timely Notice of Appeal on

April 30, 1987, which was docketed by the Pennsylvania Superior Court as 617 Pittsburgh 1987. Thereafter, the Pennsylvania Superior Court filed a Memorandum Opinion, dated October 18, 1988, ordering the judgment of sentence affirmed. [The Pennsylvania Supreme Court subsequently denied allocator].

[Aiken] unsuccessfully filed a PCRA on April 4, 1997. Then, on January 9, 2001, [Aiken] filed his second PCRA, which was subsequently denied. [Aiken] appealed the dismissal of his second PCRA on March 12, 2001. On December 3, 2001, the Pennsylvania Superior Court affirmed this Lower Court's Order dismissing [Aiken's] second PCRA as untimely.

PCRA Court Opinion, 9/25/13, at 1-2.

Aiken filed the instant PCRA petition, his third,[1] on April 17, 2013. The PCRA court issued notice of its intention to dismiss Aiken's PCRA petition without a hearing and Aiken then filed a *pro se* response. On July 1, 2013, the PCRA court entered its order dismissing the petition as untimely. This timely appeal followed.

On appeal, Aiken raises the following issue for our review:

1.)	DID THE DEFENDANT'S PCRA PETITION STATE AN EXCEPTION TO THE TIMELINESS REQUIREMENTS SET FORTH IN 42 PA.C.S. § 9545.

Appellant's Brief, at 2.

Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will

_____

[1] Aiken does not benefit from the grace period provided in the statute for those petitioners whose judgments of sentence became final before the effective date of the 1995 amendments to the PCRA. **See Commonwealth v. Sattazahn**, 869 A.2d 529, 533 n.8. (Pa. Super. 2005).

- 2 -

not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Barndt**, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citations and quotation marks omitted).

Before we may consider the merits of Aiken's claims, we must consider whether this appeal is properly before us. The PCRA court determined that Aiken's petition was untimely and that he did not properly plead an exception to the PCRA's jurisdictional time-bar. **See** PCRA Court Opinion, 9/25/13, at 4-7. We agree.

> A PCRA Petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545 (b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

Aiken's judgment of sentence became final for PCRA purposes 60 days after March 20, 1989, when the Pennsylvania Supreme Court denied allowance of appeal, and the time allowed for petitioning the United States Supreme Court for writ of *certiorari* expired. Therefore, Aiken had one year

from that date to file a petition for collateral relief, specifically, until May 21, 1990. **See** 42 PA.CONS.STAT.ANN. § 9545(b)(1). Because Aiken filed the instant petition on April 17, 2013, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pled and proved one of the statutory exceptions to the time-bar.

The PCRA provides only three exceptions that allow for review of an untimely PCRA petition:

> (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 PA.CONS.STAT.ANN. § 9545(b)(1)(i)-(iii). In addition, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 PA.CONS.STAT.ANN.§ 9545(b)(2).

Here, Aiken contends that the after-discovered evidence exception, **see** 42 PA.CONS.STAT.ANN. § 9545(b)(1) (ii), is applicable to this case. **See** Appellant's Brief, at 9 In support of this claim, Aiken points to affidavits that he maintains "prove innocence." Appellant's Brief, at 8. Aiken claims he first

learned of this information in 2013, prior to filing the instant PCRA petition. *See id*., at 9-10. Aiken's arguments do not merit relief from the PCRA's jurisdictional time-bar.

The after-discovered evidence exception requires the facts upon which the claim is predicated "were not previously known to the petitioner and could not have been ascertained through due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). The PCRA creates a three-part test for the after-discovered facts exception: 1) the discovery of an unknown fact; 2) the fact could not have been learned by the exercise of due diligence; and 3) the petition for relief was filed within 60 days of the date that the claim could have been presented. *See Commonwealth v. Smith*, 35 A.3d 766, 771 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

Although Aiken claims that he first learned of the "after discovered evidence" in March 2013, a review of the record belies this claim. Aiken's PCRA petition and affidavits attached thereto demonstrate Aiken was made aware of the evidence he now asserts is "newly discovered" as early as 1999. In his PCRA petition, Aiken states that "[p]etitioner attaches as Exhibit 2 an affidavit of truth from one Paul Johnson dated August 01, 1999, notarized by Thomas P. Bender of Pittsburgh, Allegheny County, Pennsylvania." PCRA Petition, 4/17/13, at 10. Interestingly, a review of the exhibits attached to Aiken's PCRA petition reveal there are no affidavits signed by Paul Johnson.

Moreover, Aiken admits, by affixing a copy to his PCRA Petition as Exhibit 3, that he also received an affidavit from Ricky Redd dated April 11, 2003. In the affidavit, Redd asserts that he was coerced into making a statement against Aiken in the Jordan murder case. Accordingly, at the very least, Aiken was under a duty in 2003 to exercise due diligence and take any further reasonable steps to protect his own interests by investigating further or by filing a PCRA petition at the time he received Redd's affidavit. The record indicates that Aiken only filed two PCRA petitions prior to the instant petition, both of which were filed prior to receipt of Redd's affidavit. Aiken elected to wait until the instant PCRA petition, more than 10 years after receipt of Redd's affidavit, to raise this "newly-discovered evidence" of his innocence.

Pursuant to § 954(b)(2)'s requirement, Aiken only had 60 days from the date he received Redd's affidavit to effectively invoke one of the enumerated exceptions to the timeliness requirements of the PCRA. As stated previously, over 10 years had elapsed since Aiken learned of the existence of this claim, making the PCRA petition in this case patently untimely. Therefore, we are without jurisdiction to reach the merits of Aiken's claims.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2014