J-S54012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PEDRO J. REYMOSEO A/K/A PEDRO J. REYNOSO, | |
| Appellant | No. 2657 EDA 2014 |

Appeal from the PCRA Order August 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0500301-1994

BEFORE:  BOWES, PANELLA, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 16, 2015**

Pedro J. Reymoseo *a/k/a* Pedro J. Reynoso appeals from the order denying his petition under the Post-Conviction Relief Act.  For the reasons set forth herein, we affirm.

On July 9, 1996, a jury found Appellant guilty of two counts of first-degree murder and one count of possessing an instrument of a crime in connection with the 1991 shooting deaths of Carlos Torres and Charles Rivera, who were sitting in a parked car.  Two eyewitnesses identified Appellant as the shooter.  The court sentenced Appellant to two consecutive terms of life imprisonment for the murder convictions and a concurrent term of eleven and one-half months to sixty months for the possession conviction. Appellant appealed to this Court, which affirmed.  ***Commonwealth v.***

_____
* Former Justice specially assigned to the Superior Court.

*Reynoso*, 726 A.2d 1082 (Pa.Super. 1998) (unpublished memorandum), *appeal denied*, 738 A.2d 456 (Pa. 1999).

Appellant filed his first PCRA petition, which was initially *pro se*, on March 7, 2000. After then-appointed counsel filed a petition to withdraw and brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988), the PCRA court dismissed Appellant's petition as meritless. This Court affirmed the PCRA court's dismissal. **Commonwealth v. Reynoso**, 816 A.2d 333 (Pa.Super. 2002) (unpublished memorandum). Appellant did not seek allowance of appeal.

In his second PCRA petition, termed a *habeas corpus* petition, filed with the assistance of counsel on November 22, 2010, Appellant claimed that newly-discovered facts rendered the merits of his petition reviewable under the PCRA's second time-bar exception. 42 Pa.C.S. § 9545(b)(ii). Specifically, he sought to present the testimony of Sarah Robinson, a Commonwealth witness whom he claimed recanted her previous testimony against Appellant. The PCRA court determined that the testimony was not newly-discovered and denied his petition as untimely. Appellant did not appeal that ruling.

Appellant instead filed a third PCRA petition on November 22, 2011. In his petition, Appellant brought forward additional newly-discovered facts in the recantation by another of the initial eyewitnesses, Samuel Wilkerson.

- 2 -

Appellant filed a supplement to that petition on March 2, 2012, which included an affidavit from Wilkerson. In another subsequent August 2, 2012 supplemental filing, Appellant further sought to introduce the testimony of Robinson, Marisol Colon-Torres, and Jose Ayoso Colon to "bolster" Wilkerson's testimony. Though the Commonwealth did not object to an evidentiary hearing to evaluate Wilkerson's recantation, it did object to the testimony of Robinson, Colon-Torres, and Colon, as their identities and eventual proffers were known to Appellant for more than 60 days prior to the August 2012 supplemental filing. Accordingly, the Commonwealth filed a motion to preclude the testimony of the three witnesses at the evidentiary hearing. The PCRA court granted that motion, and the parties proceeded to an evidentiary hearing on August 13, 2013, where Appellant presented only Wilkerson. The hearing was continued on October 7 and December 9, 2013, where the Commonwealth presented Detective Charles Bentham, one of the initial investigators, as a witness.

Shortly thereafter, on December 18, 2013, Appellant filed another supplement to his most recent petition and requested to testify. The Commonwealth objected and filed a motion to preclude the testimony due to timeliness, which was granted on January 31, 2014. The PCRA court dismissed Appellant's third PCRA petition and related supplements on September 8, 2014. Appellant filed this appeal.

Pursuant to the PCRA court's directive, Appellant submitted his 1925(b) statement of errors complained of on appeal. The court subsequently filed a 1925(a) opinion. This matter is now ripe for our review. On appeal, Appellant presents one question:

Whether the PCRA court erred in its ruling prohibiting Appellant from testifying and from presenting testimony from witnesses in support of his Second Successive Post-Conviction Relief Act Petition on the grounds that admission of the proposed testimony would be in violation of the provisions in 42 Pa.C.S. § 9545(b)(1) and (2) regarding timeliness and the court's jurisdiction.

Appellant's brief at 2.

Before reaching the merits of Appellant's claim, we must first examine whether we have jurisdiction to review this PCRA petition. "Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa. Super. 2011). Indeed, the timeliness requirement of the PCRA is both "mandatory and jurisdictional in nature," and this Court "cannot ignore a petition's untimeliness and reach the merits of the petition." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (citations omitted).

In order to be considered timely, a PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). Though Appellant's petition is indisputably untimely, we may still reach its merits if it falls within

one of three exceptions to the statute's jurisdictional time-bar. In order for this Court to have jurisdiction to review a petition, an appellant must plead and prove that: 1) failure to raise a claim is the result of governmental interference; 2) the recent discovery of unknown facts that could not have been ascertained by the petitioner with due diligence; or 3) the existence of a new constitutional right recognized by either the Supreme Court of the United States or the Supreme Court of Pennsylvania and that court applied such right retroactively. 42 Pa.C.S. § 9545(b). A petition invoking one of these exceptions must be filed within 60 days of the date the claim could have been presented, 42 Pa.C.S. § 9545(b)(2), and a facially untimely petition that does not plead and prove any of the three exceptions to the time-bar is to be dismissed.

Further, as Appellant's arguments each discuss the PCRA court's treatment of his purported newly-discovered facts under the PCRA, we recognize that, as it relates to the initial jurisdictional question, the corresponding exception "requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts." *Commonwealth v. Brown*, 111 A.3d 171, 177 (Pa.Super. 2015). If an appellant successfully alleges and proves both elements, "then the PCRA court has jurisdiction over the claim under this subsection" and may proceed to the merits of his substantive after-

discovered-evidence claim. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007).

Appellant bases his arguments upon the characterization of the various testimony he seeks to offer. Specifically, he urges that the testimony of Robinson, Torres-Colon, and Colon relating to Wilkerson's recantation will "bolster" Wilkerson's testimony and not substantively add to it. Appellant's brief at 25. Thus, he claims that the testimony was admissible as relevant testimony under Pa.R.E. 401[1] and not barred by the PCRA's 60-day limitation for newly-discovered facts. Appellant further argues that his own testimony "in support of his claim of innocence" is admissible because an individual "has the right to present exculpatory evidence in a proceeding in which his guilt or innocence will be determined[.]" Appellant's brief at 26-27.

Importantly, Appellant acknowledges that the proffered testimony from Robinson, Torres-Colon, and Colon is inadmissible as substantive, after-discovered evidence. Appellant's brief at 22. He instead argues that the testimony is admissible for the limited purpose of bolstering Wilkerson's

---

[1] Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

> (b) the fact is of consequence in determining the action.

testimony. Appellant does not address on appeal the propriety of Robinson's testimony as it relates to her own recantation.

The Commonwealth counters by arguing that Appellant did not plead and cannot prove that his own testimony constitutes newly-discovered facts, that Robinson's testimony is both untimely and prohibited for being "merely corroborative," and that the proffered testimony of all three "corroborative" witnesses is time-barred, as Appellant knew of their identities and proposed testimonies more than sixty days before he moved for their presentation. Commonwealth's brief at 12-15. Regarding timeliness, the Commonwealth maintains that the general admissibility of the three "corroborative" witnesses is irrelevant, as the PCRA court lacked jurisdiction due to Appellant's violation of the PCRA's sixty-day provision. *Id*.; 42 Pa.C.S. § 9545(b)(2). We agree with the Commonwealth.

As a preliminary matter, we emphasize that Wilkerson's testimony was unopposed by the Commonwealth. After Appellant supplied the PCRA court with an affidavit from Wilkerson, the Commonwealth agreed to hold an evidentiary hearing, though the purpose, either to determine whether Wilkerson's recantation was truly newly-discovered or whether that recantation was credible, is unclear. The propriety of Wilkerson's testimony is not challenged herein, and we will not address it. At issue is the admissibility of testimony of the three "bolstering" witnesses, Robinson, Colon-Torres, and Colon.

Appellant cannot satisfy the second timeliness exception to the PCRA with respect to these three witnesses and, therefore, the trial court properly dismissed his petition. We initially note that no statement given in any affidavit or offered by Appellant indicates how any of the three witnesses may "bolster" Wilkerson's testimony without acting as a separate, substantive witness merely by another name.

Regardless of Appellant's apparent disingenuousness about the purpose of the proposed testimony, we affirm the PCRA court's dismissal of Appellant's petition as untimely. The three witnesses' affidavits reveal that Appellant did or should have known about the substance of their respective testimony, at the very latest, on October 1, 2010 (Robinson); July 4, 2011 (Colon-Torres); and July 1, 2011 (Colon). Notwithstanding the fact that it was not until August 2, 2012, that he first mentioned the "bolstering" witnesses, none of the three witnesses was known for fewer than 60 days prior to the filing of Appellant's November 22, 2011 petition.[2]

The PCRA instructs that "any petition invoking an exception" to the timeliness requirement "**shall be filed** within 60 days of the date the claim could have been presented." 42 Pa.C.S. 9434 (b)(2) (emphasis added). As Appellant filed his petition more than 60 days after he did or should have

_____

[2] We need not reach the application of this Court's settled law regarding the due diligence in the discovery of relevant facts, as even the most generous view of Appellant's argument renders it unreviewable as untimely.

learned of the witnesses' testimony, the PCRA is clear that this Court is without jurisdiction to review the merits of Appellant's petition with respect to the testimony of Robinson, Colon-Torres, and Colon.

Finally, Appellant argues that the PCRA court violated the fundamental principle that an accused "has the right to present exculpatory evidence in a proceeding in which his guilt or innocence will be determined under the due process clauses of the United States and Pennsylvania Constitutions[.]" Appellant's brief at 27. What Appellant disregards, however, is that he was afforded the opportunity to present evidence, including his own testimony, at his trial. It was there that his guilt was determined, not in subsequent PCRA proceedings, and his own testimony satisfies none of the PCRA's timeliness exceptions.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015