J-S70013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE RODRIGUEZ ZAVALA, | |
| Appellant | No. 1265 EDA 2015 |

Appeal from the PCRA Order April 14, 2015
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0004395-2006

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 01, 2015**

Appellant, Jose Rodriguez Zavala, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The PCRA court aptly summarized the factual and procedural history of this case as follows:

> On September 28, 2007 . . . a jury found Appellant guilty of rape, involuntary deviate sexual intercourse, aggravated indecent assault, sexual assault, simple assault, recklessly endangering another person, aggravated assault and aggravated assault of an unborn child.  All charges were the result of Appellant's violent attacks on his girlfriend; the last attack occurring when she was pregnant with their child.  On January 11, 2008, he was sentenced to a term of imprisonment of seventeen to [forty] years.  Appellant appealed, raising the claim

---

[*] Retired Senior Judge assigned to the Superior Court.

that the guilty verdict for the crime of rape was against the weight of the evidence, since his girlfriend had recanted her prior statements to the police, and testified at his trial that the sex between them had been consensual. The Superior Court disagreed, noting that the jury was free to believe the victim's earlier statements to the police regarding the rape, and affirmed his judgment of sentence on July 31, 2009. The Pennsylvania Supreme Court denied his petition for allowance of appeal on May 5, 2010.

On May 26, 2010, Appellant filed his first petition under the [PCRA]. In it he claimed that his trial counsel was ineffective, and that he was "actually innocent" of raping his girlfriend, since his girlfriend had admitted that the report she gave to the police was not truthful, and that there was no rape committed. The PCRA court found that Appellant's claims entitled him to no post-conviction relief, and dismissed his PCRA petition on October 11, 2010. Appellant appealed, and on June 17, 2011, the Superior Court affirmed the dismissal of Appellant's PCRA, specifically noting in its memorandum that the jury in Appellant's trial had been "fully apprised of the victim's recantation" prior to reaching its guilty verdict. (**Commonwealth v. Rodriguez Zavala**, No. 2942 EDA 2010 at *5 (unpublished memorandum) (filed June 17, 2011)). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 6, 2011.

(PCRA Court Opinion, 6/15/15, at 1-2) (record citation formatting provided).

On June 6, 2013, Appellant, acting *pro se*, filed the instant second PCRA petition, captioning it as a petition seeking *habeas corpus* relief and/or PCRA relief. In it, he again raised the claim that he was actually innocent because the victim had recanted and testified at trial that the sex between them was consensual. On July 15, 2013, the PCRA court entered notice of its intention to dismiss the petition without a hearing. **See** Pa.R.Crim.P. 907(1). Appellant filed a response, and on August 28, 2014, the court entered an order directing him to file a certification of the additional

- 2 -

evidence he intended to offer at a hearing. *See* Pa.R.Crim.P. 902(A)(15). On September 23, 2014, Appellant filed a certification providing the names and the testimony of the witnesses he intended to offer: the victim, who would testify that Appellant did not rape her; Appellant, who would testify that he did not rape her; and Appellant's sister, who would testify that Appellant and the victim lived together as common law husband and wife. On February 2, 2015, the PCRA court again issued notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(1). After Appellant filed a response, the court entered its order dismissing the petition as untimely on April 14, 2015. This timely appeal followed.[1]

Appellant raises the following issues for our review:

[1.] Did the [PCRA] court abuse it's [sic] discretion by denying the Appellant's [PCRA] petition because the [PCRA] court ruled that it lacked jurisdiction to hear the case?

[2.] [Whether] the [PCRA] court [erred] and abused it's [sic] discretion when [it] ordered an evidentiary hearing, (by 12/12/13 order), and then a new judge took over the case and ignored the order of the previous judge, handling the case[?]

[3.] [Whether] the [PCRA] court [erred] and abused it's [sic] discretion when it converted the state *habeas corpus* petition to a PCRA petition even though the state *habeas* raised an 8th amendment claim of cruel and unusual punishment[?]

[4.] [Whether] the [PCRA] court [erred] and abuse[d] it's [sic] discretion when it made a ruling that it lacked jurisdiction to

---

[1] Although the PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, he filed a concise statement on May 14, 2015. The court filed an opinion on June 15, 2015. *See* Pa.R.A.P. 1925.

hear the petition commenced by the Appellant stating that the new evidence did not qualify as an exception to the time limitation bar[,] specifically § 9545(b)(1)(ii)[?]

(Appellant's Brief, at 1) (unnecessary capitalization, commentary, and parenthesis omitted).

We begin by noting our well-settled standard of review. In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and quotation marks omitted).

"Before we may address the merits of Appellant's arguments we must first consider the timeliness of Appellant's PCRA petition because it

implicates the jurisdiction of this Court and the PCRA court." ***Id.*** (citation omitted).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In this case, Appellant's judgment of sentence became final on August 3, 2010, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S. Sup. Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief, specifically, until August 3, 2011. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on June 6, 2013, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See id.*** at § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). In addition, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant claims the benefit of the after-discovered facts exception to the PCRA's timeliness requirement based on "new information/new evidence" that the victim will testify that Appellant did not rape her. (Appellant's Brief, at 4; ***see id.*** at 5); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant contends that since the victim recanted her initial

- 6 -

report to police that he raped her, and has admitted that she was never raped, he is entitled to an evidentiary hearing on this issue. (**See** Appellant's Brief, at 10-11). We disagree.

The after-discovered facts exception requires the facts upon which the claim is predicated "were not previously known to the petitioner and could not have been ascertained through due diligence." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008) (citation omitted). The PCRA creates a three-part test for the after-discovered facts exception: "1) the discovery of an unknown fact; 2) the fact could not have been learned by the exercise of due diligence; and 3) the petition for relief was filed within 60 days of the date that the claim could have been presented." **Commonwealth v. Smith**, 35 A.3d 766, 771 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012) (emphasis omitted).

Here, although Appellant claims that the victim's testimony that he did not rape her is "new evidence," (Appellant's Brief, at 2, 4), a review of the record belies this claim. Specifically, at Appellant's trial, the victim testified that Appellant never raped her and that the sexual acts between them were consensual. (**See** N.T. Trial, 9/26/07, at 206, 210). Appellant raised the issue of the victim's recantation of her rape allegation on direct appeal and in his first PCRA petition. (**See** PCRA Ct. Op., at 2). Therefore, the record plainly shows that Appellant was well-aware of the victim's testimony denying the rape during his trial in 2007. Thus, Appellant's claim that the victim's testimony in this regard is "new evidence" is meritless.

In sum, we conclude that Appellant has not met his burden of proving his untimely petition fits within one of the three exceptions to the PCRA's time-bar. **See Jones**, **supra** at 17. Since he presented no genuine issue of material fact concerning the timeliness of his petition, the PCRA court properly dismissed it without a hearing based on its determination that it was untimely with no exception to the time-bar pleaded or proven. **See Miller**, **supra** at 992.

Because Appellant's PCRA petition is untimely, we are not permitted to address his remaining issues on appeal. **See id.** Accordingly, we affirm the order of the PCRA court.[2]

Order affirmed.

---

[2] We decline Appellant's apparent invitation to construe his claim as falling outside the statutory framework of the PCRA. (**See** Appellant's Brief, at 6, 11). The PCRA "provides for an action by which persons convicted of crimes they did not commit . . . may obtain collateral relief." 42 Pa.C.S.A. § 9542. "[The PCRA is] the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist . . . including *habeas corpus* and *coram nobis*." **Id.** Moreover, our Supreme Court has "held that the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review." **Commonwealth v. Hackett**, 956 A.2d 978, 986 (Pa. 2008), *cert. denied*, 556 U.S. 1285 (2009) (citation omitted) (determining claim essentially attacking underlying conviction falls within the ambit of the PCRA).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/1/2015</u>