J-S05007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TONI JOHNSON, | |
| Appellant | No. 623 MDA 2015 |

Appeal from the PCRA Order Entered October 16, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001312-2009

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED JANUARY 20, 2016**

Appellant, Toni Johnson, appeals *pro se*, and *nunc pro tunc*, from the post-conviction court's October 16, 2014 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. For reasons discussed *infra*, the PCRA court requests that we remand for further proceedings.  After careful review, we agree with the PCRA court's request and, accordingly, we vacate its October 16, 2014 order and remand.

We summarize the complicated procedural history of Appellant's case, as follows.  On May 11, 2010, a jury convicted Appellant of burglary, conspiracy to commit burglary, theft by unlawful taking, and receiving stolen property.  On May 13, 2010, he was sentenced to an aggregate term of 7½

_____

[*] Retired Senior Judge assigned to the Superior Court.

to 15 years' incarceration. Appellant's counsel, Tami Fees, Esq., filed post-sentence motions on his behalf, which were denied by order docketed on August 30, 2010. Attorney Fees then filed an untimely notice of appeal with this Court on December 30, 2010. She also failed to complete a docketing statement as mandated by Pa.R.A.P. 3517. Accordingly, on February 24, 2011, this Court issued an order dismissing Appellant's appeal. **See** Order, 2/24/11 (docketed at 16 MDA 2011).[1]

Over the ensuing months, Appellant inquired about the status of his appeal, indicating that he was unaware that it had been dismissed by this Court. For instance, on August 1, 2011, Appellant filed a *pro se* request for a copy of the docket entries to ascertain the status of his appeal. **See** "Letter Requesting Copy of Docket Entries *In Forma Pauperis*," 8/1/11 (docket entry 33). The docket states that Appellant's request was sent to the trial judge, but there is no indication that a copy of the docket sheet was forwarded to Appellant. Additionally, on September 23, 2011, Appellant filed a *pro se* "Motion for Disclosure of Results of Pending Appeal," again requesting information about the outcome of his December 30, 2010 appeal.

---

[1] In that order, we also directed Attorney Fees to submit a certification, within 10 days of the filing of our order, confirming that she informed Appellant about the dismissal of his appeal. **See id.** No such certification was filed by Attorney Fees. We also note that our February 24, 2011 order was entered on the trial court's docket on April 11, 2011. The certified record does not indicate that Appellant was served with a copy of our order at the time it was docketed below.

*See* "Motion for Disclosure of Results of Pending Appeal," 9/23/11 (docket entry 34).

In response to these filings, the court ultimately issued a "Clarification Order" on October 12, 2011, advising Appellant that his appeal had been dismissed by this Court. On December 13, 2011, Appellant filed a *pro se* "Petition for Leave to File Appeal *Nunc Pro Tunc*" (hereinafter "NPT Petition"). Therein, Appellant argued that Attorney Fees had acted ineffectively in handling his direct appeal and requested the reinstatement of his appeal rights *nunc pro tunc*. While that petition was pending, Appellant also filed a petition seeking the withdrawal of Attorney Fees and permission to proceed *pro se*. On January 12, 2012, the court issued an order granting Appellant's request to proceed *pro se*,[2] and denying his NPT Petition without explanation.

On May 7, 2012, Appellant filed a *pro se* PCRA petition, alleging that his sentence is illegal. Steven Trialonas, Esq., was appointed to represent Appellant and filed an amended PCRA petition on his behalf. Therein, Attorney Trialonas argued, *inter alia*, that Attorney Fees had acted ineffectively in handling Appellant's direct appeal, which resulted in its dismissal. On August 29, 2014, the PCRA court issued a Pa.R.Crim.P. 907

_____

[2] There is no indication that the court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), before permitting Appellant to proceed *pro se*.

notice of its intent to dismiss Appellant's petition as being untimely filed. On September 17, 2014, Attorney Trialonas filed a response, arguing that Attorney Fees' abandonment of Appellant on direct appeal constituted an after-discovered fact that Appellant had first discovered when the trial court issued the Clarification Order on October 12, 2011. Attorney Trialonas also maintained that Appellant had timely raised this issue in his *pro se* NPT Petition.

Despite Attorney Trialonas' response to the Rule 907 notice, on October 16, 2014, the PCRA court issued an order denying Appellant's petition as untimely. On November 17, 2014, Appellant filed a *pro se* notice of appeal. Because Appellant was represented by Attorney Trialonas, the Centre County Prothonotary's Office did not forward Appellant's *pro se* notice of appeal to this Court. However, on December 29, 2014, Attorney Trialonas filed a petition to withdraw from representing Appellant, which the court granted on February 3, 2015. On April 8, 2015, the PCRA court issued an order directing the Centre County Prothonotary's Office to file Appellant's *pro se* notice of appeal with this Court. The court's April 8, 2015 order also directed Appellant to file a *pro se* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied.

On appeal, Appellant states the following question for our review: "Whether the PCRA court erred as a matter of law and/or abused its discretion in dismissing Appellant's request for PCRA relief as untimely filed?" Appellant's Brief at 4. This Court's standard of review regarding an

order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, the trial court denied Appellant's post-sentence motions in an order docketed on August 30, 2010; because Attorney Fees failed to file a timely notice of appeal, Appellant's judgment of sentence became final thirty days after the denial of his post-sentence motions, or on September 29, 2010. *See* Pa.R.Crim.P. 720(A)(2) (stating that if the defendant files a timely post-sentence motion, the notice of appeal must be filed within 30 days of the entry of the order deciding it); 42 Pa.C.S. § 9545(b)(3) (directing that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Accordingly, Appellant had until September 29, 2011, to file a timely PCRA petition, rendering his May 7, 2012 petition patently untimely.

While the PCRA court initially concluded in its October 16, 2014 opinion and order that Appellant's petition was untimely and failed to satisfy any exception set forth in section 9545(b)(1)(i)-(iii), in its Rule 1925(a) opinion, the court changes course and asks that we remand for further

proceedings. In support, the court initially acknowledges that it should have treated Appellant's December 13, 2011 NPT Petition as his first PCRA petition and appointed counsel. *See* PCRA Court Opinion (PCO), 5/14/15, at 4 (citing *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1262 (Pa. Super. 2001) (holding that a petitioner is entitled to counsel on his first PCRA petition despite its apparent untimeliness)). The court then goes on to explain why Attorney Trialonas sufficiently pled and proved, on Appellant's behalf, the applicability of the timeliness exception of section 9545(b)(1)(ii), stating:

> "The plain language of Section 9545(b)(2)(ii) and Section 9545(b)(2) creates a three-part test: 1) the discovery of an unknown fact; 2) the fact could not have been learned by the exercise of due diligence; and 3) the petition for relief was filed within 60 days of the date that the claim could have been presented." *Commonwealth v. Smith*, 35 A.3d 766, 771 (Pa. Super. [] 2011). After filing a Motion for Disclosure of Results Pending Appeal on September 23, 2011, Appellant became aware of Fees' abandonment on October 12, 2011 when the trial court issued a Clarification Order notifying Appellant of the dismissal of his direct appeal. This fact was previously unknown to him as evidenced by Appellant's averments that he exercised due diligence and made many attempts to contact Attorney Fees but his efforts were unanswered. Furthermore, Appellant sent a letter to the Centre County Court Administrator on August 1, 2011 in which he requested a copy of his docket sheet to determine the status of his appeal. While this letter remained unanswered as it was not in the form of a motion or petition, it is additional evidence that although Appellant attempted to exercise due diligence, he was unable to learn that his appeal had been dismissed, and thus, that Attorney Fees had abandoned him until the trial court issued the October 12, 2011 Clarification Order.
>
> Upon learning of Attorney Fees' abandonment on October 12, 2011, Appellant then had sixty days to file a claim under the

[PCRA]. Appellant's NPT Petition was filed on December 13, 2011, sixty one days after learning of the abandonment[;] however, the envelope in which Appellant mailed his NPT Petition was dated December 9, 2011, within the allotted sixty days for filing. As Appellant was effectively unrepresented by counsel due to Attorney Fees' abandonment, it is proper to apply the prisoner mailbox rule to Appellant's filing. "Under the prisoner mailbox rule, a legal document is deemed 'filed' on the date it is delivered to the proper prison authority or deposited in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. [Cmwlth]. Ct. 2014). As Appellant's NPT Petition was mailed on December 9, 2011, it necessarily must have been deposited in the prison mailbox on or before that date. As such, Appellant's NPT Petition was properly filed within the requisite sixty day time period. Concluding that Appellant would be able to establish jurisdiction of this Court under Section 9545(b)(1)(ii), we are … prepared to address this issue and any underlying claims upon the return of jurisdiction from this Honorable Court.

PCO at 5-6.

We appreciate the PCRA court's concession that it erred by not treating Appellant's NPT Petition as his first PCRA petition, entitling him to the appointment of counsel. *See Commonwealth v. Smith*, 818 A.2d 494, 499 (Pa. 2003) ("[A]n indigent petitioner, who files his first PCRA petition, is entitled to have counsel appointed to represent him during the determination of whether any of the exceptions to the one-year time limitation apply."). That error makes the circumstances of Appellant's attempt to satisfy a timeliness exception unique. Because the court improperly failed to appoint counsel after Appellant filed the *pro se* NPT Petition, Appellant's first opportunity to have counsel review the facts of his case and raise Attorney Fees' abandonment as an after-discovered fact under section 9545(b)(1)(ii) was when Attorney Trialonas was appointed to

- 8 -

represent Appellant in litigating his May 7, 2012 petition. The court acknowledges that its erroneous handling of Appellant's NPT Petition initiated the odd and complex circumstances of this case, and asks this Court to vacate its order denying Appellant's PCRA petition and remand. We agree that such a disposition is appropriate under the specific facts of this case. Accordingly, we vacate the PCRA court's October 16, 2014 order and remand for further proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2016