J-S84015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY DOCKERY | |
| Appellant | No. 2987 EDA 2015 |

Appeal from the PCRA Order September 3, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0742101-1989

BEFORE:  OLSON, SOLANO and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 20, 2016**

Appellant, Timothy Dockery, appeals *pro se* from the order entered on September 3, 2015 dismissing his fourth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual background and procedural history of this case are as follows.  On May 19, 1988, Appellant and his brother, Laverne Dockery, entered a Philadelphia residence armed with automatic weapons.  The Dockery brothers shot and killed Gregory Tutt, Hassan Uqdah, James Saunders, and Dawn Gross.

On February 6, 1991, a jury convicted Appellant of four counts of second-degree murder,[1] burglary,[2] possessing an instrument of crime,[3] and

---

[1] 18 Pa.C.S.A. § 2502(b).

* Retired Justice specially assigned to the Superior Court

conspiracy.[4]  The trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole.  On June 2, 1992, this Court affirmed the judgment of sentence.  ***Commonwealth v. Dockery***, 613 A.2d 1259 (Pa. Super. 1992) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal with our Supreme Court.

On May 19, 1994, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and filed an amended petition.  On May 23, 1996, the PCRA court dismissed Appellant's first PCRA petition without an evidentiary hearing.  This Court affirmed the dismissal and our Supreme Court denied allowance of appeal.  ***See Commonwealth v. Dockery***, 701 A.2d 776 (Pa. Super. 1997) (unpublished memorandum), *appeal denied*, 723 A.2d 669 (Pa. 1998).  On March 8, 1999, Appellant filed a second *pro se* PCRA petition.  On March 24, 1999, the PCRA court dismissed Appellant's second PCRA petition as untimely.  This Court affirmed the dismissal.  ***See Commonwealth v. Dockery***, 803 A.2d 790 (Pa. Super. 2002) (unpublished memorandum).  On May 20, 2008, Appellant filed his third *pro se* PCRA petition.  On May 12, 2009, the PCRA court dismissed the petition as untimely.  Appellant did not appeal that determination.

---

[2] 18 Pa.C.S.A. § 3502.

[3] 18 Pa.C.S.A. § 907.

[4] 18 Pa.C.S.A. § 903.

On December 15, 2014, Appellant filed this, his fourth, *pro se* PCRA petition. Thereafter, he filed three supplements to the petition. On July 14, 2015, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. **See** Pa.R.Crim.P. 907. On September 3, 2015, the PCRA court dismissed the petition without an evidentiary hearing. This timely appeal followed.[5]

Appellant presents one issue for our review:

> Did the [PCRA] Court err in rejecting [Appellant's] untimely [PCRA] petition, which relied on the after-discovered facts exception to the timeliness requirement since the presumption of access to information in the public domain does not apply where the untimely PCRA petitioner is *pro se*?

Appellant's Brief at 2 (complete capitalization removed).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013) (citation omitted). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard

---

[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Nonetheless, the PCRA court issued an opinion on November 4, 2015 explaining why it dismissed Appellant's petition.

of review is *de novo* and our scope of review plenary." ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on July 2, 1992, 30 days after this Court affirmed his judgment of sentence. Appellant's present petition, his fourth, was filed on or about December 15, 2014. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant argues that he satisfied the newly-discovered fact exception. This exception arises where the petitioner's underlying PCRA claim is based on previously unknown facts that could not have been obtained earlier through the exercise of due diligence. This statutory exception, like any exception under Section 9545(b)(1), must be invoked within 60 days of when it first could have been raised. Appellant relies upon information he learned in a letter to the editor of Graterfriends (a prison newsletter) that he received on October 15, 2014. Although we may assume, *arguendo*, that Appellant filed his petition within 60 days of receiving a copy of Graterfriends, we are not convinced that Appellant properly invoked the newly-discovered fact exception.

The letter to the editor relied upon by Appellant to invoke the newly-discovered fact exception states that:

> Willis W. Berry, Jr., a former Philadelphia Judge, was arrested May 22, 2014, in regard to theft of services: he ran a real estate business out of his judicial chambers for 12 years; **See  In re Berry**, 979 A.2d 991 ([Pa. Ct. Jud. Disc. 2009]).
>
> Berry is liable for this conduct because he has admitted to it. **Id.** Berry is expected to be in court on October 30, 2014 in Philadelphia. If Willis W. Berry, Jr was your trial judge you need to act within 60 days of his expected guilty plea, in order to allege that his criminal conduct "influenced" his biases against you (*i.e.* his "[prosecution] bias" in violation of your constitutional right to a "fair trial judge").

- 5 -

Berry avoided prosecution under then District Attorney Lynne Abraham, who refused to prosecute him for these crimes that he has admitted to committing (thus, the "pro-prosecution" bias that can be alleged).

Any defendant who had Judge Berry as the trial judge on a case that went to trial should file a PCRA as soon as possible and should contact his or her counsel, whether it is a public defender or private counsel. Remember that in order to invoke an exception to the "time-bar" you have to act within 60 days of his guilty plea in open court. Otherwise, you will lose your rights to litigate this claim.

Michael McLaughlin, *Former Philadelphia Judge Faces Corruption Charges At Trial: Important PCRA Information*, Graterfriends Sept./Oct. 2014 p.6.

Former-Judge Berry served as Appellant's counsel at a 1991 trial. In this, his fourth, PCRA petition Appellant argues that former-Judge Berry provided ineffective assistance of counsel because he had an inherent conflict of interest which arose because of former-Judge Berry's effort to curry favor with the Philadelphia District Attorney's Office and judges of the Philadelphia Court of Common Pleas in order to avoid prosecution for his own illegal activities. Appellant contends that he was not aware of former-Judge Berry's inherent conflict of interest until he read the letter in Graterfriends in 2014.

Appellant's argument is without merit because the conduct he alleges on the part of former-Judge Berry occurred in 1993 or later, *i.e.*, after Appellant's trial. Appellant cites no news articles, judicial decisions, or

criminal conviction that implicate former-Judge Berry's conduct while he was serving as Appellant's trial counsel.

The conduct that supported former-Judge Berry's suspension by the Pennsylvania Court of Judicial Discipline and later criminal convictions stemmed from his position as a judge, which he assumed in 1996. The conduct was not illegal for an attorney practicing law, *i.e.*, when former-Judge Berry represented Appellant. Thus, no conflict of interest arose in 1991 at the time of Appellant's trial.

The conduct for which former-Judge Berry was suspended from the practice of law began in 1993, again after Appellant's trial. Appellant does not explain why former-Judge Berry had a conflict of interest at the time of Appellant's trial. To the extent Appellant argues that former-Judge Berry was attempting to curry favor with the trial judge and Philadelphia District Attorney's Office so that they would not charge him for crimes he committed in the future, that argument is frivolous. Accordingly, we conclude that Appellant failed to show newly-discovered facts that validly invoked an exception to the PCRA's timeliness exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/20/2016</u>