**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN STANLEY | : | |
| | : | |
| Appellant | : | No. 2266 EDA 2018 |

Appeal from the PCRA Order Entered July 10, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0205561-2002

BEFORE:  BENDER, P.J.E., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 26, 2019**

John Stanley appeals, *pro se*, from the order entered July 10, 2018, in the Court of Common Pleas of Philadelphia County, dismissing his serial petition filed under the Post-Conviction Relief Act ("PCRA")[1] as untimely.  On appeal, Stanley claims he is entitled to PCRA relief because counsel failed to impeach certain witnesses.  Based on following, we affirm.

Stanley's convictions stem from the shooting death of Benjamin Hooper and the intimidation of a witness, Sharlena Rutledge.  On February 3, 2003, a jury convicted Stanley of first-degree murder, possessing an instrument of crime ("PIC"), and intimidating a witness.[2]  On April 3, 2003, Stanley was

---

[1]  42 Pa.C.S. §§ 9541-9546.

[2]  18 Pa.C.S. § 2502(a), 907(a), and 4952(a), respectively.

sentenced to life imprisonment, plus a consecutive term of 16 to 32 months' imprisonment for intimidating a witness, and six to 12 months' imprisonment for PIC. On April 27, 2004, a panel of this Court affirmed Stanley's judgment of sentence. **See Commonwealth v. Stanley**, 852 A.2d 1255 (Pa. Super. 2003).[3]

Stanley filed the instant, serial PCRA petition[4] on August 23, 2012. For reasons not explained in the record or by the PCRA court, the matter then went dormant until April 17, 2018, when the court notified Stanley of its intent to dismiss the petition without a hearing because it determined the petition was untimely and Stanley did not prove that one of the exceptions to the timeliness provision set forth in 42 Pa.C.S. § 9545(b) applied. **See** Pa.R.Crim.P. 907. Stanley did not file a response to the Rule 907 notice.[5] On

_____

[3] Stanley did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

[4] A review of the record, and as confirmed by the Commonwealth in its appellee's brief, indicates this is Stanley's fourth petition. **See** Commonwealth's Brief 4. Stanley's prior petitions have not provided him with any relief.

[5] Stanley did file a motion for extension of time to respond, including a request for appointment of counsel, on April 26, 2018. A review of the record reveals the court did not rule upon the motion. Nevertheless, Stanley never filed a response and does not raise any argument regarding the matter on appeal.

July 10, 2018, the PCRA court dismissed his petition. This *pro se* appeal followed.[6]

Stanley presents the following issue for our review:

Counsel's failure to impeach witness or witnesses shows ineffe[c]tiveness of counsel['s] failure to argue real merits.

Stanley's Brief at 4.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S. Ct. 2695 (U.S. 2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

---

[6] The court did not order Stanley to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). On July 24, 2018, the trial court issued an opinion under Pa.R.A.P. 1925(a).

review."  42 Pa.C.S. § 9545(b)(3).  Stanley's judgment of sentence became final on May 27, 2004, 30 days after a panel of this Court affirmed on direct appeal.  ***See*** Pa.R.A.P. 1113.  Stanley, therefore, had one year thereafter to file a PCRA petition — *i.e.*, until May 27, 2005.  42 Pa.C.S. § 9545(b)(1). Stanley filed the current petition on August 23, 2012, over seven years later. Therefore, Stanley's petition was patently untimely.

Nevertheless, an untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).  "As such, exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007), *citing* ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).  ***See also***

Pa.R.A.P. Rule 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).[7]

Here, a review of the record reveals that Stanley has waived his ineffective assistance of counsel argument for failure to raise it in his August 23, 2012, PCRA petition. **See** Post-Conviction Relief Act Petition, 8/23/2012, at unnumbered 1-8. Indeed, in his petition, Stanley contended he was entitled to review pursuant to the PCRA's new constitutional right exception at Section 9545(b)(1)(iii), based upon **Miller v. Alabama**, 567 U.S. 460 (2012), and related case law.[8] **See** Post-Conviction Relief Act Petition, 8/23/2012, at 3-7.

_____

[7] We note that until recently, a petition invoking a timeliness exception had to be filed within 60 days of the date the claim could have been presented. However, effective December of 2017, Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and now provides that an appellant has one year time to file a PCRA petition, when invoking a timeliness exception. **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3. Although we note the change in the law, it does not apply to Stanley, who filed his petition in 2012.

[8] In **Miller**, the United States Supreme Court held that "mandatory life without parole **for those under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller**, 567 U.S. at 465 (emphasis added). Subsequently, in **Montgomery v. Louisiana**, 136 S. Ct. 718 (U.S. 2016), the Supreme Court held that **Miller** was a new substantive right that, under the United States Constitution, must be applied retroactively in cases on state collateral review. **Montgomery**, 136 S.Ct. at 736.

Even if Stanley had pursued this argument on appeal, we agree with the PCRA court's determination that Stanley is not entitled to relief under these decisions because he was over the age of 18 when he committed the murder, and **Miller's** holding only applies to defendants who were under the age of 18 at the time of their crimes. **See** PCRA Court Opinion, 7/24/2018, at 1.

He did not complain that counsel was ineffective for failing to impeach certain witnesses. More importantly, Stanley failed to explain how his ineffectiveness argument comparts with any of the timeliness exceptions.

Accordingly, we conclude the PCRA court properly found that Stanley's petition is untimely and therefore, we lack the jurisdiction to review this belated petition.[9]

---

Moreover, to the extent Stanley argues that he has not reached the necessary cognitive development at the age of 21 when he committed the offenses, and therefore **Miller** should apply to him, we would have rejected this contention as based on a recent *en banc* decision by this Court in **Commonwealth v. Lee**, ___ A.3d ___, 2019 PA Super 64 [1891 WDA 2016] (Pa. Super. March 1, 2019) (*en banc*). In **Lee**, the appellant argued "**Miller** should apply to those who ground their claims on the **Miller** rationale -- the 'immature brain' theory – despite **Miller**'s express age limitation[.]" **Lee**, ___ A.3d ___, 2019 PA Super 64, ¶5. The *en banc* panel held:

> We recognize that the principles underlying the **Miller** holding are more general; who qualifies as a "juvenile" and whether **Miller** applies to [the appellant] are better characterized as questions on the merits, not as preliminary jurisdictional questions under [S]ection 9545(b)(1)(iii). As compelling as the "rationale" argument is, we find it untenable to extend **Miller** to one who is over the age of 18 at the time of his or her offense for purposes of satisfying the newly-recognized constitutional right exception in section 9545(b)(1)(iii).

**Lee**, ___ A.3d ___, 2019 PA Super 64, ¶¶ 18-19. Therefore, if Stanley had preserved this claim, we would conclude that **Lee** is controlling in this case, and he was entitled to no relief. **See also Commonwealth v. Housman**, 986 A.2d 822, 840 (Pa. 2009) ("the general rule in Pennsylvania is to apply the law in effect at the time of the appellate decision.").

[9] We note we "may affirm the lower court on any basis, even one not considered or presented in the court below." **Commonwealth v. Burns**, 988 A.2d 684, 690 n.6 (Pa. Super. 2009).

- 6 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/19