J-A10026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE HENDERSON | : | |
| | : | |
| Appellant | : | No. 3012 EDA 2018 |

Appeal from the PCRA Order Entered August 24, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1107281-2003

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                             **FILED MAY 22, 2019**

Wayne Henderson appeals from the order dated August 24, 2018, in the Philadelphia County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Henderson seeks relief from the term of one year of intermediate punishment, followed by two years' probation after his negotiated guilty plea to one count of possession with intent to deliver ("PWID").  For the reasons below, we affirm the PCRA court's order.

The parties are aware of the underlying facts and we need not recite them herein.  As indicated above, Henderson entered a negotiated guilty plea

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

to PWID on February 25, 2004. Henderson did not file any post-sentence motions or a direct appeal.

On October 28, 2009, the United States indicted Henderson in federal court on drug possession charges. In 2011, the United States District Court sentenced him to a mandatory minimum sentence of twenty years' imprisonment.

On June 29, 2015, Henderson filed a *pro se* writ of error *coram nobis*, which the court deemed to be a PCRA petition.[2] Subsequently, the PCRA court appointed counsel, who filed an amended PCRA petition on November 6, 2017.[3] On August 13, 2018, the PCRA court issued a notice of intention to dismiss Henderson's petition without a hearing pursuant to Rule 907. Despite counsel's representation, Henderson filed a *pro se* response. On August 24, 2018, the court dismissed the petition both on ineligibility grounds and as untimely; the court permitted counsel to withdraw.

_____

[2] The PCRA is the sole means of obtaining collateral relief, encompassing common law remedies. *See* 42 Pa.C.S.A. § 9542. Pennsylvania courts have consistently held that, so long as it falls within the ambit of the PCRA, the courts must treat any petition filed after the judgment of sentence is final as a PCRA petition. **Commonwealth v. Descardes**, 136 A.3d 493, 497 (Pa. 2016). Here, Henderson's claim of ineffective assistance of counsel is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2). Thus, the court below correctly treated his application for relief as a PCRA petition. **See Descardes**, **supra** at 500.

[3] We note that, on appeal, Henderson vociferously objects to the PCRA court's appointment of counsel and disavows the amended petition filed by counsel. Henderson's Brief, at 1-2.

On September 10, 2018, Henderson filed a *pro se* notice of appeal.[4] The PCRA court did not direct Henderson to file a concise statement of errors complained of on appeal. On December 11, 2018, the PCRA court issued an opinion.

When reviewing an order dismissing a PCRA petition, we must determine whether the record supports the ruling of the PCRA court and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement . . . is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) (citation omitted). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

---

[4] The trial court originally treated Henderson's filing as "*pro se* correspondence." The court later corrected the docket to reflect that the filing was, in actuality, a timely notice of appeal.

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 572 U.S. 1151 (2014).  A petitioner must file his or her PCRA petition within one year of the date the underlying judgment becomes final.  ***See*** 42 Pa.C.S.A. § 9545(b)(1).  Our courts deem a judgment final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."  42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. Rule 13.

Instantly, Henderson's judgment of sentence became final on March 26, 2004, at the expiration of the time in which he had to file a direct appeal.  Thus, Henderson's petition, filed on June 29, 2015, is patently untimely.

However, pursuant to 42 Pa.C.S.A. § 9545, an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).  For claims arising prior to December 24, 2017, a petitioner invoking an exception must file his petition within 60 days

of the date he or she could have presented the claim.[5] **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3. Here, Henderson fails to assert any reason why his petition falls within one of the exceptions to the timeliness requirement. Accordingly, the PCRA court was correct in finding his petition was untimely filed.

Likewise, the PCRA court properly determined Henderson failed to plead and prove that he is eligible for relief pursuant to 42 Pa.C.S.A. 9543(a)(1), which provides, in pertinent part, as follows:

> **(a) General rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth **and is at the time relief is granted:**
> >
> > > **(i) currently serving a sentence of imprisonment, probation or parole for the crime;**

42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). In the present case, Henderson failed to demonstrate that he is still serving a sentence for the conviction at issue.

---

[5] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017. **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3.

As previously indicated, the trial court sentenced Henderson to one year of intermediate punishment followed by two years of probation on February 25, 2004, which expired on May 15, 2006. ***See*** Docket Entry, 5/15/2006 ("CASE TERMINATION"). Henderson does not suggest or provide any evidence that he is still serving a sentence of probation for this specific case. Therefore, he is not entitled to PCRA relief.

Because we conclude the PCRA court did not err in (1) determining that Henderson's petition was actually a request for PCRA relief; and (2) finding that Henderson untimely filed his petition and he was ineligible for relief, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/19