J-S53014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYQUAN DAVIS | : | |
| | : | |
| Appellant | : | No. 117 EDA 2019 |

Appeal from the PCRA Order Entered November 27, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004680-2015

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 05, 2019**

Appellant, Tyquan Davis, appeals from an order entered November 27, 2018, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the relevant facts and procedural history as follows:

> On July 15, 2014, at approximately 8:49 p.m., police were dispatched for a robbery which had just occurred at the Vitamin Store located [in] Chester County, [Pennsylvania]. The police investigation revealed that [Appellant] conspired with two [] other individuals, Shaquille Jackson and Daniel Pittman, to rob the Vitamin Store.
>
> The three [] actors entered the shop with the intent to commit robbery.  Daniel Pittman, a former employee at the store, moved to the back of the store while Shaquille Jackson along with [Appellant] walked up to the cash register where store employees [] were working.  Shaquille Jackson stated that he had a gun and demanded all of the money from the cash registers and safe. [Appellant] then ordered [a store employee] onto his knees and told him to put his hands behind his head.  [Appellant] told [the

store employee] that if he moved, he would be shot. Both store employees believed they would be killed if they did not do as they were told.

Once the money was obtained, Shaquille Jackson ordered the employees to stand up and face the wall and count to [50] before calling police. Shaquille Jackson then stated again that the store employees would be shot if they moved. Both employees complied with the order in fear that they would be killed. In total, [Appellant], Shaquille Jackson, and Daniel Pittman absconded from the store with $1,344.00[.]

PCRA Court Opinion, 3/6/19, at 3-4.

On April 8, 2016, Appellant pled guilty to one count of robbery and one count of criminal conspiracy. *Id.* at 1. On the same day, the trial court imposed an aggregate sentence of three to six years' incarceration for both charges. *Id.* at 1-2. Appellant "did not file any post-sentence motions or a direct appeal." *Id.*

On July 17, 2018,[1] Appellant filed a *pro se* motion for time credit. Appellant's PCRA Petition, 7/17/18, at 1-3. The PCRA court properly treated Appellant's motion as a PCRA petition.[2] PCRA Court Opinion, 3/6/19, at 2. Because this was Appellant's first PCRA petition, the PCRA court appointed

---

[1] Appellant's petition is docketed on two different days: July 17, 2018 and July 20, 2018. *See* Appellant's PCRA Petition, 7/17/18, at 1-3. The PCRA court determined that Appellant's petition was filed on July 20, 2018. PCRA Court Opinion, 3/6/19, at 7. For purposes of appeal, however, we shall assume that Appellant's petition was filed on July 17, 2018.

[2] The PCRA provides "the sole means of obtaining collateral relief." 42 Pa.C.S. § 9542. *See Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he PCRA provides the sole means for obtaining collateral review, and ... any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition").

counsel to review the matter. ***See*** PCRA Court Order, 7/27/18, at 1.

Subsequently, on September 27, 2018, court-appointed counsel filed a motion

to withdraw as counsel and a no-merit letter pursuant to ***Commonwealth v.***

***Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d

213 (Pa. Super. 1988) (*en banc*). On October 2, 2018, the PCRA court issued

notice that it intended to dismiss Appellant's PCRA petition in 20 days without

holding a hearing in view of counsel's ***Turner/Finley*** letter. PCRA Court Rule

907 Notice, 10/2/18, at 1; ***see also*** Pa.R.Crim.P. 907(1). Appellant failed to

file a response to either the ***Turner/Finely*** letter or the Rule 907 notice. The

PCRA court dismissed Appellant's petition and granted counsel's leave to

withdraw on November 26, 2018. PCRA Court Order, 11/26/18, at 1. This

timely appeal followed.[3]

On appeal, Appellant argues that the PCRA court erred in denying him

an evidentiary hearing.[4] Appellant's Brief at 4. The PCRA court concluded

---

[3] Appellant filed a notice of appeal on December 19, 2018. On December 28, 2018, the PCRA court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 6, 2019.

[4] On appeal, Appellant contends that the trial court erred in denying an evidentiary hearing because he raises "several instances of ineffective assistance of counsel." Appellant's Brief at 8. Essentially, Appellant claims that counsel gave him "incorrect information" which "induced [Appellant's] guilty plea." ***Id.*** at 9. Appellant, however, failed to raise counsel's alleged ineffectiveness before the PCRA court. Indeed, Appellant made no mention of ineffective assistance of counsel in his motion for time credit and, as noted above, did not file a response to either the ***Turner/Finely*** letter or the Rule

that it lacked jurisdiction to entertain Appellant's petition because the filing was untimely. PCRA Court Opinion, 3/6/19, at 1-9. "Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we [] first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, because Appellant did not lodge a direct appeal, his judgment of sentence became final on May 8, 2016, 30 days after the imposition of his sentence. Therefore, to be timely, Appellant

---

907 notice. Thus, we conclude that Appellant waived this issue on appeal. Pa.R.A.P. 302(a).

needed to file his PCRA petition on or before May 9, 2017.  ***See*** 1 Pa.C.S.A. § 1908.  Appellant, however, filed the current petition on July 17, 2018; hence, his petition is manifestly untimely.  Therefore, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. §9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the untimely filing of a PCRA petition will be excused.  To invoke an exception, a petition must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  "The petitioner bears the burden to plead and prove an applicable statutory exception."  ***Hudson***, 156 A.3d at 1197.

In this instance, Appellant made no attempt to plead or prove that one of the above-mentioned exceptions to the PCRA time-bar applies. Indeed, Appellant's petition simply requested that his "Pennsylvania sentence [] be

aggregated and run concurrent with his Delaware [s]entence."[5]   Appellant's

PCRA Petition, 7/17/18, at 2.  He does not even mention one of the exceptions

listed in 42 Pa.C.S.A. § 9545(b).  *Id.*   Furthermore, Appellant did not file a

response to the PCRA court's Rule 907 Notice or the ***Turner/Finely*** letter.

Thus, even if Appellant claimed that his petition met a statutory exception on

appeal – which he did not – such a claim would be waived.  ***See*** Pa.R.A.P.

302(a) ("Issues not raised in the lower court are waived and cannot be raised

for the first time on appeal").  As such, we conclude that the PCRA court did

not err in dismissing Appellant's PCRA petition without a hearing.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/19

_____

[5] On appeal, Appellant suggests that the discovery of the non-concurrent nature of his Pennsylvania and Delaware sentences constitutes a newly-discovered fact.  Appellant's Brief at 11.  This is meritless.  First, because Appellant failed to raise this claim before the trial court, it is waived. Pa.R.A.P. 302(a).   Second, the fact that the sentences were to run consecutively was known to Appellant at the time of sentencing.  N.T. Sentencing Hearing, 4/8/16, at 19.  Third, Appellant does not specify the date in which he "discovered" the sentences were not running concurrently. ***See*** Appellant's Brief at 11.  Thus, Appellant failed to satisfy the requirements of Section 9545 (b)(1)(ii).